PALMER *against* HAND.

*Where goods are sold to be paid for on delivery, if, on the delivery being completed, the vendee refuses to pay for them, the vendor has a lien for the price, and may resume the possession of the goods.*

*And if, during the delivery, and before it is completed, the purchaser sells, or pledges them to a third person, for a valuable consideration, but without notice to the original vendor, the lien of the latter will not be affected, and he may recover them from such subsequent purchaser.*

THIS was an action of trover, tried before Mr. Justice *Spencer*, at the *Albany* circuit, in *April*, 1816.

The plaintiff was the owner of a raft, consisting of plank, joist, and boards, and whilst coming down the *North River*, in the autumn of the year 1815, with the raft, one *Potter* came upon the raft, and offered to buy it; the price was agreed upon; it was also agreed, that the plaintiff should deliver it at one of the docks in *Albany*, and be at the expense of taking it out of the water. *Potter* then applied to the defendant, who kept a lumber-yard, in *Albany*, to purchase the lumber which the plaintiff had agreed to sell him; but *Potter* and the defendant not being able to settle the bargain, it was agreed that the defendant should take and sell the lumber. The plaintiff arrived with his raft, the next day, and brought it to the defendant's dock, and there inquired of one of the witnesses in the cause for *Potter*, and asked if *Potter* was not to have more hands to take out and pile the lumber; and said that he had sold it to *Potter*. He then left the raft, and went into the city, and at 4 o'clock in the afternoon, at which time all the raft was taken out of the water, and nearly all piled, a few culling pieces excepted, the plaintiff returned and forbade any more to be piled, saying that *Potter* had gone off. The defendant, on the same day, advanced to *Potter*, on account of the deposite of lumber, 100 dollars; and also gave him an order on *Wilder & Hustings* for 150 dollars, in goods, which were, in the evening of the same day, delivered to him. There was no formal delivery of the lumber to *Potter*, who, it was conceded, was a cheat, and had absconded. The plaintiff proved a demand on the defendant to restore the lumber, or pay for it, and a refusal. The jury found a verdict for the plaintiff, subject to the opinion of the court, on a case containing the above facts.

*Van Vechten*, for the plaintiff, cited *Roberts on Frauds*, 165, 166, 167. 169. 1. *Mod.* 137. 2 *Caines' Rep.* 44. 2 *Johns. Rep.* 17. 3 *Johns. Rep.* 399. 6 *Term. Rep.* 54. 7 *Term. Rep.*

66. 440.   3 *Term. Rep.* 469.   3 *Bos. & Pull.* 232.   3 *East*, 99.   NEW YORK,

2 *Term. Rep.* 71.   3 *Caines' Rep.* 185.

PALMER
v.
HAND.

*Henry*, contra.

PLATT, J., delivered the opinion of the court. This is an action of trover, for a quantity of plank and scantling. It appears that the plaintiff was owner of a raft of lumber, and while descending the river opposite to *Lansingburgh*, he contracted with one *Potter* for the sale of the lumber, to be delivered to *Potter*, by the plaintiff, on one of the docks, in *Albany*, at a price agreed on, to be paid on delivery. *Potter* then went to the defendant, who keeps a lumber yard and dock, at *Albany*, and agreed to deliver to him the lumber of that raft, to be sold by the defendant, on commission, for *Potter*.

Next morning, about sunrise, the plaintiff arrived with the raft, and fastened it to the defendant's dock. The plaintiff then told the workmen employed there, that he had sold the lumber to *Potter*. One or two men began immediately to pile the plank, &c. on the defendant's dock, and the plaintiff " asked if *Potter* was not to have more hands to take out and pile the lumber ?" The plaintiff then went into the city, and did not return again till 4 o'clock P. M., at which time the lumber was almost all piled on the defendant's dock. The plaintiff then forbade the piling of any more, saying that *Potter* had absconded.

While the men were piling up the lumber, about 10 or 11 o'clock A. M. of that day, the defendant advanced to *Potter* 100 dollars, and, also, gave an order for 150 dollars' worth of goods, in favour of *Potter*, on account of the deposite of lumber. The plaintiff, afterwards, demanded the lumber, which the defendant refused to deliver.

There is no doubt that, upon a contract to sell goods, where no credit is stipulated for, the vendor has a *lien*; so that if the goods be actually delivered to the vendee, and, upon demand then made, he refuses to pay, the property is not changed, and the vendor may lawfully take the goods as his own, because the delivery was *conditional*.

As between the *vendor* and *vendee*, in this case, I incline to the opinion that the property, in the lumber, was not so vested in the *vendee* as that the vendor could not legally have resumed it

NEW YORK,
October, 1816.

PALMER
v.
HAND.

when he came, in the afternoon, and forbade the piling of any more of it.

The contract with *Potter* was for the *whole raft*, to be delivered on the dock. The *vendor*, therefore, had no right to demand payment for any part until the whole was delivered; and it appears that he came to the place of delivery, at 4 o'clock in the afternoon of the day on which the raft arrived at the dock, whilst the lumber was still in the course of delivery, and signified his determination not to consider the sale as *absolute*. He said that *Potter* had absconded, and ordered the men not to pile any more of the plank, &c. As between *Palmer* and *Potter* there was no such delay, or acquiescence on the part of the vendor, as would be evidence of a *credit given for the money*. If the vendor was there, and demanded payment, as soon as the whole lumber was piled on the dock, that was enough to preserve his lien; and such, I think, is the fair construction of the evidence.

The plaintiff, in this case, seeks to enforce his *lien* against a person who has *bona fide* received the property as a pledge for money and goods advanced to *Potter*, to nearly the amount of its value. Those advances were made by the defendant while the lumber was in a course of delivery on the dock, and before the plaintiff asserted his claim to it. But there is no evidence that the plaintiff had any knowledge of the negotiations between *Potter* and the defendant, in regard to the lumber, until after the plaintiff had made his election to rescind his contract with *Potter*. This is a contest, then, between two honest men, who shall be the dupe of a swindler. The strict rule of law must, therefore, be applied; and the defendant cannot be allowed to stand in a more favourable situation than *Potter* would have been in if he himself had withheld the possession of the lumber, without paying the price when demanded.

We are, therefore, of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.