NEW-YORK,
May, 1819.

REID
v.
PAYNE.

## REID *against* PAYNE.

Where notice of the non-payment of a promissory note is sent to the endorser, who resides in a different town from the maker, by mail, it ought to be directed to him at the place of his residence; yet if it be sent to the post-office, to which the endorser usually resorts for his letters, although in a different town from that in which he resides, and where there is also a post-office, the notice will be sufficient.

A notary, after demand of payment of a promissory note of the maker, and refusal by him, on making due inquiry to discover the residence of the endorser, was informed, that he lived at *G.* when in fact he lived in the adjoining town of *S.* The notary then put a notice directed to the indorser at *G.* into the post-office. It was proved that the endorser, although there were two post-offices in *S.*, usually received his letters through the post-office at *G.*, which was a more convenient place for him. Held, that the notice was sufficient.

THIS was an action of *assumpsit* against the defendant, as endorser of a promissory note drawn by *Hiram Payne*, for 250 dollars, dated at *Albany*, the 23d of *December*, 1816, and payable twelve months after date. The cause was tried before Mr. J. *Spencer*, at the *Albany* circuit, in *October*, 1818.

A demand of payment of *H. Payne*, the maker of the note, who resided in *Albany*, was proved by a notary, who also testified, that on inquiry, he was informed that *Amaziah Payne*, the endorser, lived at *Greenbush*, in the county of *Rensselaer*, and he, accordingly, put a notice in due time into the post-office, at *Albany*, directed to the defendant at *Greenbush*. It, however, appeared, that the defendant in fact lived, and had lived for several years, at the distance of five miles from the post-office in *Greenbush*, in the adjoining town of *Schodack*.

The post-master° at *Greenbush* testified, that in the winter of 1817, he delivered a letter to the defendant, superscribed in the hand-writing of the notary, having previously informed the defendant that there was a letter for him in the post-office, who replied, that he knew its contents, and that it was a protest from *Albany*. The letter had lain a considerable time in the office, before the witness saw the defendant, and informed him of it. The witness further stated, that there were two post-offices in the town of *Schodack;* one at the village of *Castleton*, and the other at a place called *Schodack* landing; and that the defendant lived one mile nearer *Castleton* than *Greenbush*, though the defendant and his neighbours did their business principally at *Greenbush*. The witness said, that he should suppose, that the defendant came oftener to *Greenbush* than to *Castleton*, which was not a place of so much business as *Greenbush*, and that in his opinion, the witness's post-office was more convenient for the defendant, than either of those in *Schodack*. He further stated, that the defendant had often received letters from the post-office kept by him, but generally on information given by the witness; and that there were often letters for the defendant in his office, but the witness did not recollect any instance when the defendant called for them without such previous information.

No testimony was produced on the part of the defendant, and a verdict was found for the plaintiff, subject to the opinion of the Court.

*Howe*, for the plaintiff, contended, that all that the law required, was the use of due diligence on the part of the

---

NEW-YORK,
May, 1819.

REID
v.
PAYNE.

holder; a reasonable notice to the endorsee, or drawer, or such as may be sufficient to put him on inquiry. No particular form is prescribed. What is to be deemed sufficient notice must depend on the circumstances of the case. In *Chapman* v. *Lipscombe & Powel*, (1 *Johns. Rep.* 294.) a notice through the post-office was held sufficient, the holder not knowing where the party resided. In *Ireland* v. *Kip*, (11 *Johns. Rep.* 231.) the Court say, that where the residence of the party is in a different place, a notice sent to the post-office nearest to his place of residence, was sufficient; meaning, no doubt, that such a mode was the most convenient in that case.

*M'Kown*, contra, insisted, that the rule had been laid down in explicit terms, that where the parties reside in the same city or place, the notice must be personal, but where the party entitled to notice resides in a different place, notice must be sent through the post-office nearest to him. The reason of the rule is obvious; by sending the notice to the post-office nearest to the party, the presumption is much greater, that he will receive it, in due course; but that presumption is very much weakened, if not wholly destroyed, in this case, the notice having been sent to the post-office of *Greenbush*, though there were two post-offices in *Schodack*, where the defendant lived. In the case of the *Utica Bank* v. *Demilt*, (13 *Johns. Rep.* 432.) the Court held, that a notice sent to the post-office at *C.* when the party lived at *O.* was not sufficient.

SPENCER, Ch. J. delivered the opinion of the court. In *Chapman* v. *Lipscombe and Powel*, (1 *Johns. Rep.* 294.) a bill was drawn and dated at *New-York*, on persons residing there, and by them accepted. The drawers resided in *Petersburgh* in *Virginia*; the bill was protested for non-payment, and two notices were, in due time, put into the post-office, directed to the drawers, giving them the necessary information; the one directed to them at *New-York*, and the other at *Norfolk*, according to information received, after diligent inquiry, that they resided at that place: and it was held that as the holder did not know where the drawers

lived, and had used due diligence to find out their residence, the notice was sufficient.   In *Ireland* v. *Kip*, 11 *Johns. Rep.* 231. the court adopted this general rule, that where the parties reside in the same place or city, notice of the dishonour of bills or notes must be personal, or by leaving it at the dwelling house or place of business of the party, if absent ; but that if the party to be notified resides in a different place, then notice may be sent through the post-office to the post-office nearest to him.   In the case of the *Bank of Utica* v. *Demilt*, (13 *Johns. Rep.* 432.) the notice was sent through the post office, directed to the defendant at *Canandaigua*, when he had resided at *Ovid*, in a different county, for several years, and there had not been due diligence used in making inquiries for his residence, and we held the notice bad.

In laying down the rule generally, in *Ireland* v. *Kip*, that the notice must be sent to the post-office nearest to the party, it was intended to render those notices useful, in conveying information to him ; and it was presumed that the nearest post-office would best fulfil that object.   That case did not call for any precise modification of the rule, and it was adverted to not as necessary to the decision, but as a general rule.   If a notice be sent to the post office to which the party usually resorts for his letters, it would admit of no doubt that such notice would be good, although it was in a different town from that in which he resided.   The facts in this case, unopposed by any evidence on the part of the defendant, justify the presumption that the defendant usually received his letters through the *Greenbush* post-office ; it appears that it was more convenient for him to do so ; and he has failed to show that he was in the habit of receiving letters at either of the *Schodack* offices.   In the present case, the inquiries for the defendant's place of residence were as diligent as can be reasonably required, and the information was such as to leave no doubt on the mind of the notary. Under the peculiar circumstances of the case, I consider the notice sufficient, and that the plaintiff is entitled to judgment.

Judgment for the plaintiff.