## PIATT and Another v. EADS.

The lex mercatoria, which governs foreign and inland bills of exchange, is a part of the common law of England; and is embraced by that clause of our statute which adopts the common law.
The demand of payment on the drawee of a bill of exchange, in order to charge the drawer in case of non-payment, must be made on the third day of grace.

ERROR to the Franklin Circuit Court.—This was an action of assumpsit by the payees of a bill of exchange against the

July Term,
1820.

PIATT
v.
EADS.

drawer, in consequence of the non-payment of the drawee. The declaration showed, that the bill in question had not been presented to the drawee for payment, until the day after the third day of grace. General demurrer to the declaration, and judgment for the defendant.

SCOTT, J.—Four points are presented for our consideration. 1st, Whether the *lex mercatoria* is a part of the common law of *England;* 2dly, Whether foreign and inland bills of exchange are governed by that law; 3dly, Whether that law is in force in this state; and 4thly, Whether the bill in this case was presented for payment in time to charge the drawer. The three first points need not be discussed separately. The whole current of authorities, from the commencement of the history of our system of jurisprudence down to the present day, goes to establish the doctrine, that the custom of merchants is and always has been regarded as a part of the common law of *England;* and that bills of exchange, both foreign and inland, are under its regulation. It is a law of a general nature, and not local to that kingdom; and is there recognized and acknowledged by the Courts as a part of their system, from the circumstance of its universal application and use in all mercantile transactions throughout the commercial world; being in those cases a rule of decision to which all nations agree, and of which all Courts take notice.  1 Bl. Comm. 284.—1 Ld. Raym. 360. The *law merchant,* then, being a part of the common law of *England,* and being of a general nature, and not local to that kingdom, is comprehended in that clause of our statute which adopts the common law (1). Although we have no statute which expressly recognizes the *law merchant,* yet its recognition is strongly implied in the clause which provides, that notes made payable at a chartered bank, shall have the same effect, and be negotiable in like manner, as inland bills of exchange according to the custom of merchants. Ind. Stat. 1817, p. 233 (2).

We will now consider the fourth point. It was for some time doubtful, whether the acceptor of a bill of exchange was bound to pay the money on the last day of grace, or on the following day; but it seems now to be settled, that the acceptor of a bill undertakes to pay the money *on demand on any part of the third day of grace.* 4 T. R. 174.—2 Caines' Rep. 343. It was necessary, in order to charge the drawer, that the bill should have been presented, and payment demanded, on the last

day of grace. As the plaintiffs, in this case, did not present the July Term, bill for payment until the day after the last day of grace, and as 1820. this fact is stated in the declaration, they were, according to THE STATE their own showing, a day too late, and could not support their v. BRADLEY. action (3).

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment is affirmed, with costs.

*Dunn* and *Lane*, for the plaintiffs.

*Caswell*, for the defendant.

(1) Ind. Stat. 1817, p. 308;—1823, p. 256.

(2) Acc. Ind. Stat. 1823, p. 330.

(3) Chitt. on Bills, 365.—2 Stark. Ev. 254.—*Lenox* v. *Roberts*, 2 Wheat. 373. If the third day of grace be *Sunday*, the bill is due on *Saturday*, and must be then presented. ·Chitt. on Bills, 340.—*Johnson* v. *Haight*, 13 Johns. R. 470.—*Farnum* v. *Fowle*, 12 Mass. 89.—*Bussard* v. *Levering*, 6 Wheat. 102. So, in *England*, if it be *Good Friday*, or *Christmas-day*, Chitt. supra; or, in the *U. States*, the *4th of July*, *Lewis* v. *Burr*, 2 Caines' Cas. 195; the demand must be made on the second day of grace. When a note is discounted at a bank, where the established custom is, to make the demand on the *fourth* day from the time limited for payment, and that custom is known to the party, such a demand is then sufficient. *Renner* v. *The Bank of Columbia*, 9 Wheat. 581. It is indeed sufficient, whether the custom be known to the party or not. *Mills* v. *The U. S. Bank*, 11 Wheat. 431, 438. The presentment must be made during the hours of business, where the bill is payable at a banker's. *Parker* v. *Gordon*, 7 East, 385.—*Elford* v. *Teed*, 1 M. & Selw. 28. Where a bill is payable at usance, or at so many days after sight, or from the date, the day of the date, or of the acceptance, must be excluded from the computation of the time. Chitt. on Bills, 338. So, in the case of a note payable a certain number of days from the date. *Avery* v. *Stewart*, 2 Conn. R. 69.—*Henry* v. *Jones*, 3 Mass. 453.