Timms *v.* Delisle, Administrator.

The administrator of the indorser of a promissory note, payable at the branch of the state bank at *Vincennes*, lived about three miles from that town, the post-office in which being the nearest one to his residence, and the office at which his neighbours usually received their letters. *Held*, that a notice in the usual form to the administrator of the non-payment of the note, put into that office in proper time, was sufficient.

APPEAL from the *Knox* Circuit Court.

Sullivan, J.—This was an action of debt by *Timms* against the defendant as administrator of *C. Delisle*, the indorser of a promissory note payable at the branch of the state bank of *Indiana*, at *Vincennes*. The defendant pleaded the general issue and *plene administravit*.

The plaintiff proved by a notary public, that the note, at maturity, was protested for non-payment and want of funds at the bank; that a notice to the defendant, in the usual form, was deposited by the witness in the post-office at *Vincennes;* that *Delisle* in his lifetime resided about three miles from *Vincennes*, and witness understood that his representative, the defendant, resided at the same place. The notice was put into the post-office on the evening of the last day of grace. The *Vincennes* post-office was the nearest post-office to the residence of the defendant, and the office at which the people of that neighbourhood usually received their letters. There was some other testimony given which it is not necessary to notice here, because it does not affect the question before us. The defendant demurred to the evidence. The demurrer was sustained by the Court, and judgment given for the defendant.

The question is, whether the notice, deposited in the post-office at *Vincennes*, was sufficient to charge the defendant?

The acknowledged rule of law is, that when the parties reside in the same town or place, the notice should be left at the residence or at the usual place of business of the party to be served, but if they do not reside in the same place, notice may be given to him through the nearest post-office to his residence. This rule is not so inflexible, however, but that a notice sent to a post-office at which the party usually receives his letters, though not the nearest to his residence,

Nov. Term, 1840.

will be sufficient. The object of the law is to communicate information to the party to be charged, within a reasonable time. *Bank of the U. S.* v. *Carneal,* 2 Pet. 543.—*Bank of Columbia* v. *Lawrence,* 1 Pet. 578.—*Ireland* v. *Kip,* 11 Johns. R. 231.—*Reid* v. *Payne,* 16 Johns. R. 218.—*Bank of Geneva* v. *Howlett,* 4 Wend. 328.—(1).

In this case, the notice was transmitted to the defendant through the *Vincennes* post-office, being the nearest post-office to his residence. It was the office, too, at which the people of the neighbourhood in which he resided resorted for their letters, and the one at which, it may be presumed, the defendant received communications directed to himself.

We think that the diligence used to charge the indorser was sufficient, and that the demurrer to the evidence should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. T. Ellis* and *A. Kinney,* for the appellant.

*S. Judah,* for the appellee.

*6 Black. 312* (1) Vide *Curtis* v. *The State Bank of Indiana, Nov.* term, 1842.