Blackford, J.
This was an action of assumpsit brought by the State Bank of Indiana, as indorsee of a promissory note, against Curtis as the indorser. The declaration, which contains but one count, states that one Robert Ward had previously, viz., on, &c., at Lafayette, in Tippecanoe county, executed his promissory note for the payment to one Robert Brown or order, of a certain "sum of money ninety days after date, negotiable and payable at the branch at LaFayette of *334 the State Bank of Indiana; that, on the same day, Brown assigned the note to the defendant, and the latter, on the same day, assigned it to the plaintiff; that, after the note became due, viz., on, &c., it was duly presented at the said branch bank and payment demanded, but that no person whatever would pay the same, &c.; of all which said several premises, the defendant afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, had notice. By means whereof the defendant became liable, &c. Plea, non assumpsit. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.
The plaintiff on the trial, produced the note and indorse-ments described in the declaration, and proved the due presentment of the note for payment at the branch bank, the non payment, &c., as averred in the declai’ation. He also proved that, on the evening of the day of the presentment *and default, a notice of the same was put into the post office at La Fayette by the notary, directed to the defendant at Lá Fayette; that the notary knew that the defendant, previously resident va. La Fayette, had removed from there before the note fell due, but did not know whither he had gone; that the notary had made some inquiry, without effect, in order to ascertain to what place the defendant had removed. There was some evidence given of the defendant’s having an office at LaFayette before his removal, of his removal, a short time before the note fell due, to Massachusetts without leaving an agent at La-Fayette; of his having gone to Massachusetts merely on a visit, &c., which evidence, from the view we take of the ease, it is not necessary to state more particularly. There were also some instructions to the jury asked for by the defendant and refused, and others given to which he excepted, which we have not found it necessary to examine.
There are two questions presented by this case as we have just stated it. The first is whether the notary’s putting the notice into the post office at LaFayette, directed to the defendant at that place, was, under the circumstances, a legal *335 notice ? If it was not, then, secondly, whether any matters of excuse for not giving to the defendant notice of the nonpayment could sustain the allegation of notice contained in the declaration?
There is no dispute but that the defendant resided at La-Fayette when the note and indorsements were executed, and that he was absent in another State when the note became due; but whether his absence was intended by him to he permanent or only temporary is a point that is not very clearly settled by the testimony. Supposing the defendant to have been absent from LaFayette merely on a visit when the note fell due, without having left any agent there, (which, so far as concerns the notice is the most favourable view for the plaintiff of the testimony on the subject), the notice relied on can not be supported. 'When the parties reside in the same town, and there is no penny-post that goes to the part of the town where the indorser lives, the notice, instead of being put into the post office, must be personally given to the party, or left at his dwelling house or place of business. 3 *Kent’s Comm., 107. It does not appear that there is any penny-post at LaFayette, and we can not presume that there is one; and, therefore, had the defendant not been absent, the notice in question would have been insufficient. The defendant’s absence on a visit to another State could make no difference favourable to the plaintiff. As the notice could not then be given personally to the in-dorser, it should be sent to the house in which he last lived or did business. Supposing that the notice may, in such case, also be put into the post office if there be a penny-post, because of the presumption that it would be sent to the proper place in town; still, if there be no such post, the post office can not be resorted to.
Considering, therefore, the notice relied on to be void, we are next to examine the other question in the cause, viz., whether evidence of matters of excuse for not giving notice, such as the plaintiff’s use of reasonable diligence, without success, to discover the defendant’s residence,&c., can benefit *336 the plaintiff under the declaration he has filed ? We think it can not The declaration merely alleges that the defendant had notice of the non-payment of the note. That allegation is not proved by such evidence as that just mentioned. If the plaintiff wished to rely,not on the giving notice, but on matters of excuse for not giviug it,those matters of excuse should have been specially alleged instead of the averment of actual notice. 2 Stark. Ev., part 1st, 229, note f; 1 Chitt. on Plead., 361, 362; Chitt. on Bills, 592: Harris v.Richardson, 4 Carr. & Payne, 522; Blakely v. Grant, 6 Mass. R. 386. The case of Firth v. Thrush, 8 Barn. & Cress., 387, cited by the plaintiff, does not aid him. There, the declaration averred notice,and the evidence showed that notice had been given—not as soon, to be sure, as in ordinary cases is required, but in due’ time under the special circumstances of the case. If in that case, as in this, no notice at all had been given, there is nothing in the opinions expressed by the judges to show that the plaintiff would not have been nonsuited.
W. M. Jenners and B. A. Chandler, for the plaintiff.
Z. Baird, for the defendant.
The record of the cause before us, which contains all the evidence given, shows that there was no proof whatever of a material averment in the declaration, viz., that notice of the dishonour of the note had been given to the defendant; *and the Court should, for that defect in the evidence, have granted a new trial.
Per Curiam.—Thejudgmentis reversed, with costs. Cause remanded, &c.