Shaw, C. J.
It is admitted that these notes were duly made and indorsed; that they were seasonably presented for payment, at the bank in New York, where by their terms they were payable, and payment refused; that notice thereof, in due form, was seasonably prepared by the proper officer, and put into the post office; and the only question is, whether, under the circumstances stated, it was rightly addressed to the defendant, at Washington
The mercantile law, regulating the liabilities of parties to notes and bills, does not require proof of actual notice of dishonor to an indorser, in order to charge him; but reasonable care and diligence in giving such notice.
The inference is very strong from the facts stated, as strong, perhaps, as mere circumstantial evidence could make it, that the notice actually reached the defendant at Washington. He was a senator of the United States; the senate was then in session; and such precautions were taken, in regard to letters addressed to senators, as to ensure their delivery with prompt ness and certainty.
The ground relied upon, to show that such notice was not sufficient, is, that the defendant’s general domicil and place of business was in the city of Boston, where he had, at all times, an agent, who had the charge and management of his affairs. But it does not appear that he had made any request to have notices sent to him at Boston, or that any actual or constructive notice was had by the holder of these notes, that he had an agent at Boston. This fact, therefore, must be considered immaterial. The defendant, though his domicil was at Boston, was actually resident at Washington, in discharge of his public duties as a senator, at a session of congress, called by public proclamation, and continued until after the time at which this notice was sent; so that the place, where he might be presumed to be actually residing, was fixed and well known by the nature of these duties. Under these circumstances, the court are of opinion, that notice to the defendant, by mail, addressed to *6 him at Washington, was good and sufficient notice of the dishonor of these notes.
This decision is founded on the circumstances of the particular case, and may be varied by other facts. It is not like the case of a merchant stopping, for a day or two, at a hotel or watering place, or on a journey of business or pleasure; though we are not prepared to say that actual personal notice to an mdorser, at such place, would not be sufficient; but of this we give no opinion.
Nor is it like the case of a banker or merchant, having extensive dealings in negotiable securities, having an open, fixed, and well-known establishment and place of business, with agents having the custody of his funds, the keeping of his accounts, and generally charged with the transaction of his business in his absence. Such circumstances might, perhaps, amount to constructive notice to the holders of such securities, that such was the indorser’s place of business, and of his request and direction that notice should be addressed to him there. It might, in this view, be sufficient to show, that notice so given would be good and sufficient, though it would still be open to the question, whether other notice would not be equally good.
The fact of domicil is one circumstance only, in determining where notice shall be given. A man may retain his domicil at a place, though in fact personally absent therefrom, and absent with his family for years. Such is the condition of a president of the United States, or cabinet minister, residing at Washington, or of an ambassador in a foreign country. His domicil is not thereby changed; but yet we cannot doubt, that notice to such public officer, at the place of his actual residence, to which, for the time being, he is fixed by his public duty, would be good notice. Yet the'only distinction between a president of the United States and a senator is, that the residence of the former at Washington is somewhat more protracted, and uninterrupted by the intervals between sessions of congress, than that of the latter.
We place no great reliance, in this decision, upon another rule, which seems to be well established, and to embrace the *7 Dresent case; namely, that notice at a post office, where the party usually receives his letters, though not the place of his domicil, is good notice. Reid v. Payne, 16 Johns. 218. It is conformable to the more general rule, sustained by many authorities, that notice shall be so given, and at such place, that it will be most likely to reach the indorser promptly Bank of Columbia v. Lawrence, 1 Pet. 578. U. S. Bank v Carneal, 2 Pet. 553.

Judgment for the plaintiff.