FISHER and Another *v.* THE STATE BANK.

FISHER
*v.*
THE STATE
BANK.

A protest of a promissory note negotiable and payable at a branch of the state bank, alleging that the notary had demanded payment of the note, &c., and given notice of its dishonour, &c., is legal evidence.

One of the indorsers of such note lived about a mile from *Fort Wayne.* Held, that notice of the dishonour of the note addressed to him at *Fort Wayne,* and put into the post-office at that place, was sufficient.

In computing the time for payment of such note, payable a certain number of days after date, the day of the date is excluded; and the demand of payment should be made on the third day of grace.

Thursday,
January 15,
1846.

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by the state bank against *Horace B. Taylor* and *Sterns Fisher,* as indorsers of a promissory note negotiable and payable at the branch at *Fort Wayne* of said bank.

The declaration alleges that the note was made on the 19th of *July,* 1842, by one *Marshall S. Wines,* since deceased; that it was payable to *Taylor* 90 days after date; that, afterwards, on the day it was made, it was indorsed by the payee to *Fisher,* and by the latter to the plaintiff. The dishonour and notice are averred.

Plea, non assumpsit. There is also a special plea, which we understand to mean, that the defendants indorsed the note before it was signed, and left it with the bank to have it signed with the names of *Wines* and *Jacoby;* and that the bank caused the name of *Wines* alone to be put to the note as maker, without the defendants' consent. Replication in denial of the special plea.

Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

The only question is, does the evidence support the verdict?

The plaintiff gave in evidence the note and indorsements described in the declaration, and also introduced a protest of the note for non-payment, made on the 20th of *October,* 1842, in which it is stated that the notary had, on the day of the protest, deposited in the post-office at *Fort Wayne* written notices of the dishonour of the note, one being addressed to *Taylor,* present; and the other to *Fisher, Peru, Ind.* There

was also evidence from which the jury might have inferred that *Taylor* lived about a mile from *Fort Wayne*, that *Fisher* lived at *Peru*, and that *Wines* had executed the note. The defendants attempted to prove the facts alleged in their special plea but failed.

Nov. Term, 1845.

There are various instructions to the jury copied into the transcript, but they are no part of the record.

The motion for a new trial was correctly overruled.

The statute of 1838 makes a certificate, purporting to be the official act of a notary, &c., legal evidence. R. S. 1838, p. 274. We think that by the statute of 1842, the notary was authorized to demand payment of the note, and give notice of its dishonour. Stat. 1842, p. 79. Such acts of the notary being authorized, his certificate of their performance is admissible evidence under the first-named statute. The protest, in this case, is such a certificate. The address of the notice to *Taylor*, present, which means an address to him at *Fort Wayne*, into the post-office of which place the notice was deposited, is correct according to the evidence. *Timms* v. *Delisle*, 5 Blackf. 447.—*Bell* v. *The State Bank*, ~~May~~ term, 1845. In computing the time for payment of the note, the day of the date was correctly excluded. The demand for payment was rightly made on the last day of grace. *Piatt* v. *Eads*, 1 Blackf. 81, and note.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*D. H. Colerick*, *J. G. Walpole*, and *H. Cooper*, for the plaintiffs.

*W. H. Coombs* and *I. H. Kiersted*, for the defendant.