By the Court:

This is the record of a suit between the same parties, and this of course, makes it admissible in evidence, and we therefore overrule the objection, which applies to the etiect and not to the admissibility of the record as evidence.
For the plaintiff, it was insisted before the jury, that admitting that the property in the horse was in the defendant, it could' not justify his breaking and entering the close of the plaintiff, to take it out of his possession. It was not admitted, however, that the property in the horse was in the defendant. He had obtained the possession of him, in the first instance, by false and fraudulent representations to the agent of the plaintiff in his absence, and was not to have the horse at all until he paid the money for him. Where goods are to be paid for on delivery, it was a condition ^precedent and must be performed, before the .purchaser can acquire any right of property in them, and the vendor may resume the possession of them. Chit. on Contr. 800; 13 Johns. 434. So if a person obtains possession of goods on a fictitious pretext of having purchased them on a credit, without intending to pay for them, this is such a* fraud as will vitiate the sale and prevent him *259 from acquiring any property in them. Mor. on Repl. 137; 15 Mass. Rep. 156; 4 Harr. 327.
The counsel for the defendant relied on the evidence adduced in the case, and on the record and verdict in the action of replevin tried between the parties at the last term, to establish the property of the defendant in the horse. The proof was that the plaintiff had sold and delivered the horse to the defendant on a credit of thirty days, and if it was not paid for by that time, it gave the former no right to retake him from the possession of the latter, but his only remedy was by an action on the contract of sale. If therefore the horse belonged to the defendant, and the plaintiff took him and fastened him up in his own close, or stable, the defendant had a right to break and enter the close to retake it. But he would not have had the right to break and enter the close of any other person for this purpose, nor would any one but the defendant himself have had this right. 1 Archb. N. P. 410 ; 3 Black. Com. 4. In this case the property was wrongfully taken by the plaintiff from the possession of the defendant, who immediately followed it up to regain the possession of it, and under the circumstances he had' a legal right to break and enter the close of the plaintiff for that purpose.
The Court,

Harrington, Ch. J.,

charged the jury: This is an action of trespass for breaking and entering the close of the plaintiff, and removing several boards from his stable and the inclosure around it. The alleged trespass is to real estate, and the damage complained of is that just stated, and which the defendant justifies on the ground that the plaintiff had taken a horse from his possession, which as he contends belonged to him, but which the plaintiff also claimed as his property, and had locked it up in said close; and the whole trial had turned upon the question, in which of the parties was the rightful property in the horse vested. But we cannot try two cases in one; much less, in an action of this nature, can we go outside of the issues joined, to inquire and determine in which of the parties the rightful *260 property in the horse was vested, under the contract of sale and the facts proved in connection with it. We are therefore of opinion that the principle of law in regard to the re-caption of goods wrongfully taken from the possession of another, and followed up by the person so dispossessed, does npt apply in this case, where the claim of fhe defendant is based on a contract to purchase the horse, and in which it would be necessary to inquire whether there was such a delivery of the property as would complete the sale and vest the legal right and title to it in him. But it appears from the record offered in evidence that this very question is already pending in another action between the parties in this Court, and that it remains to be finally decided and disposed of in that action. We accordingly think the only question to be considered by the jury in this case, is the question of the alleged trespass in breaking and entering the close of the plaintiff by the defendant, in the declaration mentioned, and if you. are satisfied from the evidence before you, that the defendant did break and enter it,.then your verdict must be for the plaintiff, for the amount of the damage done him by such breaking and entering merely.
Robinson and C. S. Layton, for plaintiff
W. Saulsbury and E. D. Cullen, for defendant.
Verdict for the plaintiff.