SHARPE v. DREW.

The presentment of a bill for acceptance should be to the drawee himself, if he can be found. If to an agent or other person authorized to accept, the fact should appear.

In this case, the only evidence of presentment, is a notarial certificate as follows : * * * That on, &c., I did present the annexed draft of *T. C. Wetmore* on *W. W. Peters*, at the store of *Silliman* and *Gardiner*, and demanded acceptance of the same, which was refused, &c. *Held*, that this is sufficient evidence of presentment to the drawee.

Bill protested at *Troy, N. Y.*, on the 16th of *April*. Notice of protest deposited in the post-office, at *Evansville*, directed to the indorser, on the 23d of *April*. It was proved that the usual course of mail from *Troy* to *Evansville* was six or seven days. *Evansville* was the nearest post-office to the indorser's residence (which was half a mile out of town), and he had a box in the office. *Held*, that there was no lack of diligence.

Where the parties live in the same city, it is the practice of notaries to give personal notice; but this is required only where the transaction occurred in the city.

Where the party whose liability is to be fixed, lives out of town, the notice may be sent through the post-office.

APPEAL from the *Vanderburgh* Circuit Court.

STUART, J.—Suit on a bill of exchange by *Drew*, indorsee, against *Sharpe*, the indorser. The action was instituted before the mayor of the city of *Evansville*, where the plaintiff had judgment for the bill and interest. *Sharpe* appealed to the Circuit Court, where it was tried with the like result. *Sharpe* excepted to the rulings of that Court, and now appeals to this.

Two points are made and argued—1. The evidence of presentment to the drawee for acceptance. 2. The evidence of notice of protest to *Sharpe*.

1. It is correctly contended that the presentment for acceptance should be to the drawee himself, if he can be found. Chitty on Bills, 278. If to an agent or other person authorized to accept, the fact should appear.

In the present case the only evidence of presentment is the certificate of protest. The notary certifies "that on, &c., I did present the annexed draft of *T. C. Wetmore* on *W. W. Peters*, at the store of *Silliman* and *Gardiner*, and demanded acceptance of the same, which was refused," &c.

It is contended that this is not evidence of a presentment to *Peters* for acceptance.

The statute makes notarial certificates evidence of the facts therein stated. 2 R. S. p. 91. The notarial certificate is clear as to the fact of presentment, the place of presentment, the demand of acceptance, and the refusal. To whom was it presented? who refused to accept? It cannot admit of doubt that *Peters* himself was the person. The plain *English* of the protest is that the notary found *Peters* at the store of *Silliman* and *Gardiner*, *Troy*, *N. Y.*, and there demanded of him acceptance, which *Peters* refused. The form here used seems to be the common one prescribed by the books. Chitty on Bills, 333.—Byles on Bills, 191.

The language is not even obscure. The presentment, the demand, the refusal, all clearly mean, that it was the drawee who was the object and actor. We are not at liberty to doubt the sufficiency of the evidence that the bill was duly presented for acceptance.

2. The notice of protest to *Sharpe*. The bill was protested on the 16th of *April*. The notice of protest was deposited in the post-office at *Evansville*, directed to *Peter Sharpe, Evansville, Indiana*, on the 23d of *April*. It was shown that the usual course of the mail from *Troy* to *Evansville* was six or seven days. *Sharpe* lived half a mile from the post-office out of the city. But he had a box at that office, and that was the nearest post-office.

We think this sufficient. "The law requires only reasonable diligence and efforts, made in good faith, to notify the parties to a bill of its protest." *Pate* v. *The State Bank*, 3 Ind. R. 177. Where the parties live in the same city, the practice of notaries is to give personal notice. *Ireland* v. *Kip*, 10 Johns. 490.—11 Johns. 234. Even there, personal notice is required only where the transaction to be notified occurred in the same place in which the party to be notified resides. *Eagle Bank* v. *Hathaway*, 5 Met. 212. But where the party whose liability is to be fixed by notice, resides out of town, it is different. The case of *Fisher* v. *The State Bank*, 7 Blackf. 610, is directly in

point. *Taylor*, one of the indorsers, lived a mile from *Fort Wayne*. The notice of protest was addressed to him at the *Fort Wayne* post-office. This was held sufficient. So, also, *Timms* v. *Delisle*, 5 Blackf. 447.—*Bank of Columbia* v. *Lawrence*, 1 Pet. 578 (1).

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. L. Robinson* and *C. Baker*, for the appellant.

*J. J. Chandler*, for the appellee.

May Term, 1857.

McCORMACK
v.
THE TERRE
HAUTE AND
RICHMOND
RAILR'D CO.

(1) See, also, *Bell* v. *The State Bank*, 7 Blackf. 456; *Bank of the U. S.* v. *Carneal*, 2 Pet. 543; *Reid* v. *Payne*, 16 Johns. 218; *Bank of Geneva* v. *Howlett*, 4 Wend. 328; 3 Kent's Comm. 107; *Curtis* v. *The State Bank*, 6 Blackf. 312; *The Ohio Life Ins. and Trust Co.* 18 Ohio R. 54; *Turner* v. *Rogers*, 8 Ind. R. 139; *Beveridge* v. *Burgis*, 3 Camp. 262; 13 Johns. 434; *Hill* v. *Varrell*, 3 Greenl. 233; *Stuckert* v. *Anderson*, 3 Whart. 116; Story on Prom. Notes, s. 316; *Harris* v. *Robinson*, 4 How. U. S. 336; *Lambert* v. *Ghisselin*, 9 *id.* 552; *Jenks* v. *The Doylestown Bank*, 4 Watts & Serg. 505; *Bell* v. *The Hagerstown Bank*, 7 Gill, 216; *Sheldon* v. *Benham*, 4 Hill, 129; *Cayuga Co. Bank* v. *Bennett*, 5 Hill, 236; *Laporte* v. *Landry*, 5 Louis. R. N. S. 359; *Louisiana State Bank* v. *Rowell*, 6 *id.* 506; *Brindley* v. *Barr*, 3 Harrington (Del.) 419; *Jones* v. *Lewis*, 8 Watts & Serg. 14. See Edwards on Bills and Notes, from 601 to 614, where nearly all the cases are cited; 3 Kernan, 555; *Ransom* v. *Mack*, 2 Hill, 587; 3 Comst. 272; 21 Wend. 645.