CHARLES MILLHISER v. E. ERDMAN, A. M. ERDMAN and JOHN SCHISSLER.

*Contract—Delivery—Claim and Delivery—Assignment—Conditional Sale—Registration—Vendor and Vendee.*

Where the vendor shipped goods to the vendee under a contract in which it was stipulated that the latter should at the same time execute and send the former his notes for the price, but the vendee, having received the goods, failed to carry out the agreement with reference to the notes; *Held,*

1. That the execution and delivery of the notes was an essential part of the contract, and no title passed until it was performed.

2. That such an agreement is not a conditional sale and does not require registration.

3. That an assignment of the goods to a trustee for the benefit of creditors does not pass the title as against the original vendor, and he may recover possession.

(*Brem* v. *Lockhart,* 93 N. C., 191; *Empire Drill Co.* v. *Allison,* 94 N. C., 548; cited and approved).

CIVIL ACTION, tried before *Shipp, Judge,* at Spring Term, 1887, of CRAVEN Superior Court.

The plaintiff testified that during the year 1885, and since, he was doing business in Richmond, Va., as dealer in leaf

tobacco for the manufacturing of cigars, and that during said time the defendant was doing business in New Berne, N. C., that on or about the 28th of November, 1885, he received from defendant a postal card, as follows:

"NEW BERNE, Nov. 27, '85.

DEAR SIR: Are you still in the leaf business? If so, send me sample of some binders, good stock, and sample of Havana and Havana wrappers; if you have some real nice stock on hand you may also send me sample of Hustorick wrapper if you have nice goods."

To which he replied by letter, as follows:

"DEC. 1, 1885.

DEAR SIR: In reply to yours of 27th, I have sent you the following samples, per express:

  *    *    *    *    *

Terms 3, 4 and 5 mos. notes. I have put these goods down very low, and hope to receive your order, as I feel sure the goods will give you entire satisfaction. Awaiting your prompt reply, I remain," &c.;
that not hearing from Erdman in the mean time, he on December 13th, 1885, sent to him a letter as follows:

"Please let me hear from you in regard to samples "leaf," sent you December 1st, from which I hope you have been able to make a selection. Yours, &c.;"
that Erdman had received the samples in due course and also the letter above set out; and on December 27th, 1885, he received from him a letter, as follows:

"NEW BERNE, Dec. 25th, 1885.

DEAR SIR: You can send me the following goods, case 242 and 151; the two best bales Havanna No. 16 and 6, the binders I don't like; I must have better ones, if you have better you may send me one case, and I would like to have

a nice case of cheap cigars, at about $10 per thousand, put up 50 in a box. I am, &c."

"P. S. You send the tobacco; be sure and give me weight for government book";

that on December 28th, 1885, he mailed to Erdman the following letter, which contained the invoice and the three promissory notes therein mentioned, all of which Erdman received:

"DEAR SIR: Your favor 25th received, and I hand you enclosed invoice of two cases of wrappers, and two bales Havanna shipped by steamer as per your order.

Enclosed I hand you three notes, at three, four and five months, which please make payable at your bank and return signed in settlement at earliest convenience, and oblige,

Yours truly."

On the same day the plaintiff shipped by steamboat the tobacco as set forth in the letter, and it was admitted that the same was duly received by Erdman, and that the value thereof was four hundred dollars.

The defendant Erdman did not execute and send to plaintiff his note; and on January 16th, 1886, plaintiff received from him a postal card, as follows:

"DEAR SIR: I just received the goods, send drafts to acceptance as long time on them as possible, I will accept and return; that is the way I do with the rest of the dealers.

Yours truly."

And on the same day the plaintiff replied as follows, and Erdman received the letter:

"DEAR SIR: Your favor of the 15th is received, and in reply will say, that when I sent you samples I wrote you on December 1st, giving you price and terms, notes at three, four and five months. It was with this understanding you ordered the goods, and on these terms I shipped the goods; but you can either send me the notes at three, four and five months, or if you prefer you may make five notes at two,

three, four, five and six months from date of shipment, December 28th.

This is the best I can do; I cannot regulate my business by what some other houses do. I gave you prices and terms as per my letter of December 1st, at three, four and five months' notes, and it was on these terms you bought the goods, and you should make settlement accordingly, but I enclose you five notes at two, three, four, five and six months and you can take your choice, either send the first three notes or these five notes, which I trust will be satisfactory; but if you are not satisfied you will please return me the entire lot of goods at once, and send me shipping receipts and oblige,                Yours, &c."

Erdman did not reply to this letter and did not send his notes as therein requested nor any notes. Plaintiff failing to get the notes or a return of the tobacco, came to Newbern on 7th February, 1886, made a demand on W. W. Clark, Esq., and all the defendants for the tobacco aforesaid, the delivery of which was refused.

It was admitted that the lot of tobacco was in the actual possession of the defendant John Schissler at the time of demand.

Plaintiff further testified that he had contracted to sell the tobacco aforesaid for the negotiable promissory notes of the defendant Erdman, as set forth in the correspondence above, and only on the terms as therein stated, and that said defendant had not complied with said contract; that said notes, such as taken in the course of trade, are of value to the plaintiff as commercial paper.

The defendants introduced the following evidence: An assignment of the defendant Erdman of stock of goods which included the said lot of tobacco to W. W. Clark for the benefit of creditors, recorded on the 28th of January, 1886; that said assignee at once took charge of said stock and placed it in the hands of defendant John Schissler as his agent. It

was admitted that no part of the contract for the purchase of said tobacco was ever registered.

The Court instructed the jury that on this evidence the plaintiff was not entitled to recover and directed a verdict for defendants, which was accordingly entered. Rule for new trial on the ground that the Court improperly instructed the jury. Rule discharged. Judgment and appeal by plaintiff.

*Mr. Clement Manly* for the plaintiff.
*Mr. W. W. Clark*, for the defendant.

MERRIMON, J.   In our judgment the Court misinterpreted the contract of sale, and misapprehended the legal effect of what the plaintiff did towards its execution.

The intention of the parties to the contract must prevail, and this must, in this case, be ascertained from the correspondence set forth as above, and the attending circumstances, as these appear from the facts admitted, and in order to determine the meaning and purpose intended, the whole must receive a reasonable and just interpretation.

Unquestionably, if the plaintiff had not shipped the tobacco in controversy to the defendant Erdman, the latter would have had no title to, nor indeed, any right in respect to it, unless he had first tendered to the plaintiff the promissory notes which he had agreed to give for it.   This is so because a material and essential part of the contract was that the delivery of the notes, on the part of Erdman to the plaintiff, was to be done concurrently, simultaneously, with the delivery of the tobacco to him on the part of the plaintiff.   The latter proposed to sell the tobacco to Erdman, in consideration of his three promissory notes, running respectively to maturity at three, four and five months, and the latter, by sending his order for it, obviously accepted the terms.   The parties agreed to do material concurrent acts

necessary to effectuate the sale, each dependent on the other, and neither effectual without the other. It was not contemplated that the tobacco should be delivered, and the notes given at a future day thereafter, nor was it agreed expressly or by reasonable implication that the title to the tobacco should pass to any extent for any purpose, until the concurrent, dependant acts should be done. As no particular time for the delivery of the notes was agreed upon, the implication is that they should be delivered concurrently with the delivery of the tobacco, as much so as if the parties had been in the presence of each other and dealing across the counter. This plainly appears from the terms of the proposition to sell, and the acceptance of the same, as well as from the letter enclosing the invoices of the tobacco shipped, and the notes to be executed, and sent to the plaintiff by Erdman.

But the contracting parties were not in the presence of each other, so that the things to be done in pursuance of the contract could be presently done; one of them was in Richmond, the other in New Berne, hundreds of miles intervening between them. The plaintiff, in pursuance of the agreement to sell, shipped the tobacco to the buyer, not intending to part with his title to it until the notes should be sent to him, and the buyer was bound to so understand from the terms of sale so proposed and accepted by him, as well as from the invoices and notes prepared for execution sent to him and the subsequent letter proposing to modify the terms as to the time the notes should become due. When, therefore, the buyer got possession of the tobacco, this was not for the purpose of passing the title to him until he did the concurrent act of sending the notes to the seller. Such shipment and possession were only steps in the way of the execution of the contract, and ineffectual as against the seller, until the concurrent act should be done on the part of the buyer. The possession thus coming about was of and for the plaintiff until the notes should be sent to him.

Erdman got no title to the tobacco, because he faithlessly failed to *send* his notes to the plaintiff as he agreed to do, and as he had no title, had a mere naked possession, and that for the plaintiff, without any right, he could not pass any title to the trustee for creditors, as he undertook by the deed of assignment to do. No sale of the tobacco was consummated or made effectual under the contract. There was only an agreement to sell, which was not perfected. The plaintiff did not agree or intend to part with the title to his tobacco until he received the notes, and Erdman had no right to expect to get title to it until he sent the notes. 3 Kent's Com., 497; Story on Contract, §§800, 803; 1 Par. on Con., 528 (5 Ed.); Benj. on Sales, §§325, 334, 366, 425, 541, 550, 570, 582, 583, (4 Am. Ed.); *Haggerty* v. *Palmer*, 6 Johns., ch. 437; *Palmer* v. *Hand*, 13 Johns., 434.

The statute (*The Code*, §1275,) which requires " all conditional sales of personal property, in which the title is retained by the bargainer," to be reduced to writing and registered to make the same effectual as against creditors and purchasers, has no application here. There was, as we have seen, no sale consummated, conditional or otherwise.

This statute applies to cases where the bargainer sells and delivers the personal property to the bargainee, retaining the title thereto as a security for the purchase money until paid, while the latter has possession of, uses and controls it for his own benefit. *Brem* v. *Lockhart*, 93 N. C., 191; *Empire Drill Co.* v. *Allison*, 94 N. C., 548.

There is error. The plaintiff is entitled to a new trial, and we so adjudge. To that end let this opinion be certified to the Superior Court according to law.

Error.                                              *Venire de novo.*