EASTERN DIST.
*March*, 1840.

BANK OF LOUISIANA *vs.* WATSON.

BANK
OF LOUISIANA
*vs.*
WATSON.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE OF THE DISTRICT PRESIDING.

The article 782, of the Code of Practice, authorizes clerks to appoint deputies, who are to take *an oath before the court in which they act;* but, when the clerk of the District Court is *ex officio* clerk of the Parish Court, his deputy may *swear in,* in either court, and the law is satisfied.

The deputy clerk is an officer known to the law, and the court will take notice of his acts, when signing himself as " deputy clerk," without using the name of his principal.

A protest signed by the notary in *the presence of two witnesses,* is sufficient, and is properly admitted in evidence.

Notices of protest, deposited in the principal post-office, where the defendant receives his letters and papers; although there is another in the same parish nearer to him, is sufficient.

This is an action against the endorser of a promissory note. There were exceptions taken to the authority of the deputy clerk to sign the citation and other process, on the ground that he had never been duly qualified and sworn, and that he did not use the name of his principal, but simply signed his name, as deputy clerk. The facts are, that he was sworn as a deputy in the Parish Court, but not in the District Court. The principal clerk was clerk of both courts.

The protest was objected to, principally, because it did not appear to be signed by the witnesses, but only done and protested in the presence of two witnesses, naming them. The original protest was annexed to the petition and offered in evidence, and excluded. The notice of protest was deposited in the post-office in the town of Baton Rouge, directed to the defendant in the parish, when it appeared there was another post-office nearer to his residence in the same parish; but it was shown the defendant received his letters and papers in the town of Baton Rouge, and had directed the post-master there, to detain and deliver all his letters and papers at that place.

The protest was excluded by the court, on the ground that it did not purport to be a copy of any authentic act, or an act of protest. The notary's certificate was admitted as evidence, but the district judge was of opinion that the plaintiffs had failed to make out their case.

There was judgment of non-suit, and the plaintiffs appealed.

*Brunot*, for the plaintiffs.

1. Where the party sought to be charged by notice, has directed his letters and papers to be detained at a particular post-office, where he calls to get them, although there may be a post-office nearer his residence, the first is the one in which notice may be deposited, and will be sufficient to charge him as endorser. See *Bank of the United States* vs. *Carneal,* 2 *Peters' Reports,* 543 ; *Bank of Columbia* vs. *Lawrence,* 1 *Peters' Reports,* 578, 583 *;* 16 *Johnson,* 218 ; *Bailey on Bills, page* 179, *and note.*

2. The court *a qua* erred in rejecting the protest. It is not an authentic act. The witnesses only sign the record of the notary public to test the fact of such a record. The statute makes a copy of this record evidence of the protest. The law facilitates the proof of the protest by declaring that a copy shall furnish evidence of the fact, but does not exclude other modes of proof which existed anterior to the statutes on this subject, and are not repealed by these laws. Previous to the acts of the legislature, approved February 14, 1821, March 14, 1823, March 13, 1827, found in 1 *Moreau's Digest,* 93, 94 and 96, no law authorized the copy of the protest or the notice thereof to be given in evidence ; and it was to avoid the inconvenience arising from the loss of the act of protest usually attached to the note, that the legislature made a copy of a record of these protests evidence. Section second of the act of 1823, above referred to, shows clearly there may be a good protest in this state, although not made by a notary public, and that the act is really a protest and evidence without being certified by the officer making it, as being a true copy from a record of a book of protests.

EASTERN DIST.
March, 1840.

BANK
OF LOUISIANA
vs.
WATSON.

3. "The act of 1827, for the first time, declares that a certified copy of the protest, and certificate of the manner in which notices were given, the endorsers added thereto, shall be evidence of all matters therein stated." See 1 *Moreau's Digest*, 93, 94 and 96 ; *Gale* vs. *Kemp's Heirs*, 10 *Louisiana Reports*, 205 ; 3 *Kent's Commentaries*, 93 ; *Jacob's Law Dictionary, volume* 1, *page* 330 ; *Bailey on Bills*, 332 *and notes* 44 ; *Chitty on Bills*, 494, 495, 499 ; *Louisiana Code, articles* 18, 22, 23 ; 1 *Kent's Commentaries*, 464.

4. The law of 1817, only requires that the deputy of any officer belonging to any of the courts of the state, shall be sworn in either the Parish or District Court, and when so sworn and accepted, he has the power and the right to act as deputy of the officer who presented him to the court. It is the oath and the acceptance, which make the deputy an officer of the court, and he is then, to all intents and purposes, vested with full power to act in the same manner and to the same extent with his principal. 1 *Moreau's Digest*, 325.

*T. G. Morgan*, for the defendant, insisted, that the law required a deputy clerk to be sworn in the court in which he acted. He never was sworn in the District Court, and not having used the name of his principal in signing and attesting process of citation, &c., his acts are nullities. *Code of Practice, article* 782.

2. The act purporting to be a protest, was properly rejected. It was not made in conformity with law, and was no evidence of protest. The notice to the endorser was not served properly, even if there had been a legal protest. Judgment should be affirmed.

*Martin, J.*, delivered the opinion of the court.

This is an action against the defendant as the endorser of a promissory note. There was judgment of non-suit, and the plaintiffs appealed.

Our attention has been first drawn to the court's overruling the exception of the defendant to the citation, on the ground that the deputy clerk who signed it, was not sworn in the

District Court; and that he did not use the name of his principal.

It does not appear to us that the court erred.

1. The deputy clerk had been sworn in the Parish Court; and his principal being clerk of the District Court was *ex officio* clerk of the Parish Court. The Code of Practice, article 782, authorizes clerks to appoint deputies, for whom they shall be responsible, and who are to take an oath before the court, to wit, in the court in which they act. If they act in two courts, the law is satisfied and complied with, if they swear in, in either court.

2. In relation to the second objection, the deputy clerk is an officer known to the law, received and sworn in court. The court takes notice of his acts, and he is distinguished from his principal by the words " deputy clerk."

There is a bill of exception taken by the plaintiffs to the refusal of the judge *a quo*, to admit a document in evidence purporting to be the protest of the note sued on, on the following grounds:

I. That it was not an original act.

II. That it was not authentic, it not being signed by two witnesses.

III. It does not purport to be a copy of an original or authentic act, or of an act of protest.

IV. It does not purport to be a certified copy, taken from the record books of the notary.

The document in question was the original protest, annexed to the petition, signed by the notary in the presence of two witnesses, and we think was properly admitted in evidence.

On the merits, the defendant's signature was admitted. The notice was deposited in the post-office at Baton Rouge. It is in evidence, that the defendant resides at some distance from town in the same parish; and that there was a post-office nearer to him; but the post-master at Baton Rouge, deposes, that notwithstanding this, the defendant received his letters and newspapers at the post-office in Baton Rouge, and had given directions that they should be retained and

EASTERN DIST.
*March*, 1840.

BANK
OF LOUISIANA
*vs.*
WATSON.

The article 782, of the Code of Practice, authorizes clerks to appoint deputies, who are to take *an oath before the court in which they act;* but when the clerk of the District Court is *ex officio* clerk of the Parish Court, his deputy may *swear in* in either court, and the law is satisfied.

The deputy clerk is an officer known to the law, and the court will take notice of his acts, when signing himself as " deputy clerk," without using the name of his principal.

A protest signed by the notary, *in the presence of two witnesses* is sufficient, and is properly admitted in evidence.

Notices of protest, deposited in the principal post office, where the defendant receives his letters and papers, although there is another in the same parish nearer to him, is sufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of non-suit be annulled and reversed ; and that the plaintiffs recover from the defendant the sum of five hundred dollars, with interest at the rate of five per cent. per annum from January 18, 1839, until paid ; and three dollars, the cost of protest, and the costs in both courts.