FOREMAN vs. WIKOFF.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. LANDRY, THE JUDGE OF THE SIXTH DISTRICT PRESIDING.

A notice to the endorser, deposited in the principal post-office of the parish, but not addressed to him at his domicil or usual place of residence, five miles from which there is another post-office, although in the same parish, *is insufficient.*

But, where it is shown that notice reached the endorser the second day after protest, who lived twenty miles from the place, by private conveyance of the notary, it is sufficient proof of diligence and notice to bind the endorser.

This is an action against the maker and endorser of a promissory note. It was signed by L. DeKerlegand, and made payable to the order of William Wikoff, who endorsed it in blank. The note was protested for non-payment at maturity, and the notary certifies that he gave notice, on the day of protest, to the endorser, by putting that for the defendant in the post-office in the town of Opelousas, addressed to him in the parish of St. Landry; and that he sent another notice to his residence in the parish, distant about twenty miles. The defendant pleaded a general denial, and want of regular demand and protest, and legal notice.

Upon these pleadings and issues, the cause was tried. The evidence showed, that the defendant resided twenty miles from the town of Opelousas, where the notice was deposited in post-office on the day of protest; and, that there is also another post-office within five miles of his residence, all in the same parish : but the defendant was in the habit of receiving his letters and papers in the Opelousas post-office. A witness and clerk of the notary, testified that he gave another notice for Wikoff, the *day after protest*, to Dr. Cook, to be delivered, who, in his presence, gave it that day to defendant's wife, in her carriage on her way home, for her husband. He admits, in answer to interrogatories, that he received it next day after it had been delivered to his wife.

Upon this evidence, there was judgment against the defendant, and he appealed.

*T. H.* and *W. B. Lewis,* for the plaintiff, insisted that the notice was regular, and sufficient to bind the endorser. They prayed the affirmance of the judgment.

*Splane,* for the defendant, insisted that the notice of protest was insufficient to bind the endorser. Where the party lives a short distance from a post-office, notice placed in it is insufficient. 3 *Martin, N. S.,* 35 ; 6 *Idem.,* 508 ; 12 *Louisiana Reports,* 182 ; 14 *Idem.,* 392 ; 5 *Idem.,* 265 ; 8 *Idem.,* 171.

2. Where an endorser resides in the country, the notice of protest put in the post-office must be addressed to him at his usual place of residence. 1 *Moreau's Digest,* 96.

*Swayze,* on same side, argued to show that this notice was insufficient. The law required that notice should be deposited in the post-office of the place of protest, if the endorser resides at a distance, directed to the *nearest* post-office to his residence. Here, it was directed to the defendant in the parish of St. Landry, and he lived twenty miles from the place of protest. There was another post-office, much

WESTERN DIST. nearer, and within five miles of his residence.   Such notice
September, 1840. is insufficient and irregular, and discharges the endorser.
5 *Martin, N. S.,* 139 ; 6 *Idem.,* 508 ; 5 *Louisiana Reports,*
263 ; 8 *Idem.,* 171.

FOREMAN
*vs.*
WIKOFF.

2. The certificate of the notary states that, "he sent
another notice *to the usual residence* of the said Wikoff, &c."
This is too vague and indefinite, and does not, of itself,
establish the fact that due notice was given to the endorser.
3 *Martin,* 35.

*Simon, J.,* delivered the opinion of the court.

Defendant, Wikoff, is sued as endorser of a promissory
note ; he acknowledges his signature, but denies ever having
received any legal notice of protest.   Judgment was rendered
against him, and he appealed.

The notary in his certificate states, that the endorsers (by
names) have been notified of the protest by two notices, printed
and written, signed by him, sealed and folded in the form of
letters, dated on day of protest, and addressed to them re-
spectively, parish of St. Landry, which he deposited in the
letter-box of the post-office, in the town of Opelousas ; and,
moreover, that he sent the other notices to the usual residence
of the endorsers, &c. ; all this was done on the day of the
protest.

It is in evidence that defendant lives twenty miles distant
from Opelousas ; that there is a post-office about five miles
from his house ; that he has been in the habit for many
years of receiving his letters from the post-office at Opelousas,
and that they are not forwarded nearer his residence.   It is
also shown by a witness, that the notary gave him a letter
for defendant, which witness gave to Dr. Cook next day, to
be delivered to said defendant, and that he saw Dr. Cook go
up to the carriage to give it to Mrs. Wikoff, who was in said
carriage.   Dr. Cook says he handed it to defendant's wife,
but does not remember if it was on the same day.   Defend-
ant acknowledged under oath that he had received the notice
by the hands of his wife, the day after she received it.

Had the notary limited the exercise of his duty to the notice which he deposited in the post-office at Opelousas, it is clear it would have been insufficient, as it was not addressed to the defendant at his domicil or usual place of residence, five miles from which there is another post-office. 1 *Louisiana Reports*, 392; 1 *Moreau's Digest*, 96. Although it is in evidence that he has been for many years in the habit of receiving his letters at Opelousas, and that they are not forwarded nearer his residence, it is not shown that he ever gave the postmaster any instructions to that effect.

But, on the other hand, we think there is proof of sufficient diligence, from the fact that the other notice reached defendant the second day after that of the protest. The notary gave it to the witness on the same day he made the protest; witness handed it the next day, through Dr. Cook, to Mrs. Wikoff, who delivered it to her husband the day after. At a distance of twenty miles, it can hardly be expected that the notice could have reached the defendant sooner, even by mail. We think, therefore, that the district judge did not err in rendering judgment against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin notes:*

A notice to the endorser, deposited in the principal post office of the parish, but not addressed to him at his domicil or usual place of residence, five miles from which there is another post office, although in the same parish, *is insufficient.*

But, where it is shown that notice reached the endorser the second day after protest, who lived twenty miles from the place, by private conveyance of the notary, it is sufficient proof of diligence and notice to bind the endorser.