JOSHUA R. MEAD *v.* ALEXANDER H. CARNAL and another.

Where there are several post offices through which an endorser receives his letters and papers indifferently, notice of protest must be sent to the one nearest his residence; but when he habitually receives his letters and papers through the more distant one, notice through it will be valid.

APPEAL from the District Court of Rapides, *King*, J.

*Leckie*, for the plaintiff.

*Evans*, for the appellant.

SIMON, J. This suit was brought against the maker and endorser of a promissory note. Judgment was rendered below against the two defendants, *in solido*, and one of them, Bryce, the endorser, took the present appeal..

The only defence set up by the appellant is, that the plaintiff has failed to prove that due and legal notice of protest was given to the endorser.

The notice was forwarded to the endorser by placing in the post office at New Orleans, a letter containing it, directed to J. G. Bryce, Alexandria, La.; and the evidence shows, that at the date of the protest, (January, 1841,) the endorser's permanent residence was in the Pine Woods, about eight miles from the Cotile post office. His residence at that time was about twenty miles from Alexandria, and there was then a post office at Cotile.

It is further shown, however, that Bryce was formerly in the habit of receiving *all his letters and papers* at Alexandria, and that all communications to him came addressed to his name. A witness, (Mr. Brewer,) states that Bryce, Barry, and himself, (all lawyers,) in January, 1841, and for more than two years previous

VOL. VI. 10

thereto, as well as for some time after, *had a box in the post office* at Alexandria.

It results, therefore, from the evidence, that at the time notice was sent to the appellant, Cotile was the nearest post office to his residence, but that he was in the habit of receiving all his letters and papers at the post office at Alexandria, where he had a box.

The District Judge, in our opinion, did not err. In matters of notices of protest to endorsers, we have uniformly and repeatedly established the distinction, that when it is shown there are several post offices in the parish, through which the endorser receives his letters and papers indifferently, the notice must be sent to the nearest. *Foreman* v. *Wikoff*, 16 La. 20. *Mechanics and Traders Bank* v. *Compton et al.*, 3 Robinson, 4. *Nicholson* v. *Marders*, 3 Robinson, 342. Whilst we have held in other cases, that when it is shown that the endorser habitually receives his letters and papers through the more distant post office, a notice given through it is valid. *Bank of Louisiana* v. *Watson*, 15 La. 41. *Union Bank of Louisiana* v. *Brown*, 1 Robinson, 107. Here, the appellant is shown not only to be in the habit of receiving his letters through the Alexandria post office, but also to keep a box there. This last circumstance strengthens very much the idea that the appellant does not receive his letters through any other post office, as it may perhaps amount to an indirect or tacit instruction given to the postmaster at Alexandria, to retain said appellant's letters and papers, and keep them in the box until sent for.

*Judgment affirmed.*