THE NEW ORLEANS AND CARROLTON RAILROAD COMPANY *v.* JOSEPH B. ROBERT.

The rule that notice of protest of a bill or note must be sent to the post-office nearest to the residence of the party intended to be charged, is a general one, but not of universal application. The rule is founded on the presumption that the endorser will receive notice earlier, if directed to the post-office nearest to his residence : but this presumption ceases where the difference in the distance of the two offices is but small, and it is shown that the party is in the habit of receiving his letters and papers at the office which is the little more distant.

APPEAL from the District Court of Avoyelles, *Campbell,* J.

MORPHY, J. The defendant, Joseph B. Robert, being sued as the endorser of a note of $4050, held by the plaintiffs, pleaded the general issue, and the insufficiency of the notice of protest

to him.    There was a judgment below in his favor, from which the plaintiffs have appealed.

The note was regularly protested for non-payment, on the 19th of August, 1842, in the parish of Avoyelles ; and the certificate of the parish judge, who made the protest, shows that, on the same day, he deposited in the letter box of the post-office at Marksville, a notice directed to Joseph B. Robert, at his domicil near Holmesville, Avoyelles, La. &c.    There is no dispute as to the form or legality of the protest, or notarial certificate ; but it is contended that the defendant is not bound, because the notice of protest should have been directed to the Bayou Rouge post office, which is nearer to his residence than that of Holmesville, to which it was actually sent.

Two witnesses, who have successively been postmasters at Holmesville, since 1839, say that, in their opinion, that post office is as near, if not nearer to the defendant's residence, than the office at Bayou Rouge ; while a greater number of witnesses think that the latter office may be about a mile, or three quarters of a mile, nearer to the defendant than the other.    But it is clearly established by the testimony of the two first witnesses that, for a number of years, the defendant has been in the habit of receiving his letters and papers at Holmesville, and of *mailing* his letters there ; while, in the course of two or three years, the defendant has not been able to show that he received more than two letters from the Bayou Rouge post office, one of which was carried to him by a neighbor.

The rule that notice must be sent to the post office nearest to the residence of the party intended to be charged, is a general one, but not of universal application.    Were it to be carried out absolutely and without any qualification, it would lead to the most aburd consequences.    The sufficiency of a notice to an endorser might be made to depend on a difference of a few hundred yards, in the admeasurement of the distance of two post offices located in his neighborhood.    The reason of the rule is, the presumption that the endorser will receive the notice earlier, if it is directed to the post office nearest his residence ; but this presumption ceases when the difference in the distance of the two offices is but slight, and when it

is shown, as in the present case, that the endorser is in the habit of resorting for his letters and papers to the office which is a little more distant. It is clear from the evidence before us that, although the defendant received two letters through the Bayou Rouge post office, he was not in the habit of receiving there his letters and papers; that he must have looked to that at Holmesville, for his early intelligence; and that this office would have been pointed out by every body in his neighborhood, to any one enquiring where to direct a letter to him (the defendant.) It appears to us, then, that the notice directed to the Holmesville post office was sufficient, and fixed the liability of the defendant, although there was another one a mile, or a fraction of a mile nearer to his house. In treating of the place to which the notice is to be sent, judge Story says, " it is not indispensable for the notice to be sent to the post-office nearest to the residence of the party, nor even to the town in which he resides, if it be in fact sent to the post-office to which he usually resorts for his letters." Story on Bills of Exchange, 332. It is on this principle that we decided last year the case of *Mead* v. *Carnal et al.* (6 Rob. 73,) and still more recently at Opelousas that of *Follain et al.* v. *J. Dupre.** Bayley on Bills, 278. 4 Wendell, 328, 398. 2 Peters, 543. 18 Johnson, 230.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that the plaintiffs recover of the defendant, Joseph B. Robert, the sum of four thousand and fifty dollars, with interest at seven per cent per annum, from the 19th of August, 1842, until paid; with five dollars costs of protest, and the costs in both courts.

*Cushman*, for the appellants.

*Boyce*, for the defendant.

---

* An opinion was pronounced in this case, at Opelousas, in September, 1844; but in consequence of the adjournment of the court before the lapse of three judicial days, the judgment is not yet final