## John R. Mainer *v.* James D. Spurlock and another.

Where a notice of protest addressed to an endorser by mail, is directed to the post office nearest to, and in the same parish with his residence, the name of the post office and the State being mentioned, it will be sufficient, though the name of the parish be not inserted in the address, nor any further specification of his domicil or usual place of residence. Act 13 March, 1827, §. 2.

The omission of the names of the drawees of a bill, in the description of the draft in the notice of protest to an endorser, is unimportant, where the date, amount, and names of the drawer and payee, are mentioned. *Per Curiam*: The law has not pointed out, or required any particular form of notice ; it is sufficient if the party to whom it is sent, is enabled to ascertain therefrom the nature, and extent of the obligation, which has become the subject of the protest.

In the absence of any evidence showing that the protest of a note or a bill has not been recorded by the notary, in the manner prescribed by the first section of the act of 14 February, 1821, it will be presumed that it was duly recorded.

APPEAL from the District Court of Rapides, *King*, J.

*Hyman* and *Dunbar*, for the plaintiff.

*Brent* and *O. N. Ogden*, for the appellant.

SIMON, J. This suit was brought against the drawer and endorser of a draft, which was protested for non-payment. The drawer filed no answer, and judgment by default was regularly taken against him ; but the endorser resisted the plaintiff's claim, by admitting that he had endorsed the draft sued on, but averring that the proper steps were not taken to fix his liability. There was judgment below against the endorser, and he has appealed.

The appellant's counsel has urged the discharge of his client, upon three grounds:

*First*, That the certificate of notice is not in proper form, as

it does not show that the notice was addressed to the endorser at his domicil, or usual place of residence.

*Second,* That the notice received by the endorser contains an insufficient description of the draft.

*Third,* That there is no proof of the protest having been recorded according to law, as the copy produced in evidence is a copy from the original protest, and not from the record made thereof by the notary.

I. The certificate of notice states, that notice was served upon the drawer and endorser, " by directing them for James D. Spurlock and Thomas O. Moore, to them respectively, at *Alexandria, La.*, and depositing them in the post-office in that city," &c. It is further shown that the post-office at Alexandria is the nearest to Moore's residence, and that he resides six or seven miles from Alexandria, in the parish of Rapides, and did so at the date of the protest. This, in our opinion, is sufficient. A letter addressed to an individual by name, at *Alexandria, La.*, where there is a post-office established, will necessarily go to Alexandria, in the parish of Rapides, where, in this case, the endorser resides. Such a direction is, in its effect, exactly the same as if the letter was addressed to said endorser at the parish of Rapides; and as the post-office established at Alexandria, La., is proved to be nearest to his residence, it seems to us clear that the notice must reach him as soon with the direction, " Alexandria La.," as by adding to it the name of the parish in which the town of Alexandria is situated. This question is somewhat similar to that presented in the case of *Nott's Executor* v. *Beard*, (16 La. 310), in which we held that a notice sent to an endorser at " Pecan Grove post-office, Louisiana," is sufficient, though it is not stated on the address that such post-office is in the parish of Carroll, provided said post-office is the nearest to the residence of the party.

II. The notice recites that, " a draft drawn by James D. Spurlock, in favor of you, for the sum of $3496, dated 1st day of December, 1842, was this day protested for non-payment," &c. It is true that this notice does not mention the names of the drawees, and that perhaps it would have been more regular to mention them ; but the law has not pointed out any particular, or required

any precise form of notice. It is sufficient, if the endorser is enabled to ascertain thereby the nature and extent of the obligation which has become the subject of the protest, after the drawer has failed to comply with it. It is not pretended here that there was any other draft of a similar description, drawn and endorsed by the same parties; and the evidence shows that the appellant knew the consideration of the draft, that he acknowledged having received the notice, and urged the plaintiff to institute this suit. See Chitty on Bills, 501, 502. 6 Cond. Rep. Sup. Court U. S. 374, 375, 376, case of *Mills* v. *Bank of the United States.*

III. The copy of the protest and certificate was received in evidence without objection on the part of the appellant, and no bill of exceptions having been taken to its admission, the point, perhaps, should not be noticed. But it does not appear to us that any valid objection could have been made below to its production, as under the 1st section of the act of 1827 (B. & C.'s Digest, 43), it is expressly provided, that a certified copy of the protest and certificate shall be evidence of all the matters therein stated. With regard to the recording of the protest, we must again say, as we did in the cases of *the Canal Bank* v. *Waters* and *Pogne* v. *Hickman et al*, just decided, that in the absence of any evidence showing that said protest has not been recorded, we must presume that the notary has done his duty, and that the instrument was recorded in the manner prescribed by the act of the 14th February, 1821. B. & C.'s Dig. 41.

*Judgment affirmed.*