THE BANK OF LOUISIANA *v.* JOHN HENRY BLACK and others.

Where the protest of a note and the notary's certificate of notice is offered in evidence, the opposite party cannot interrogate the notary as to whether the act offered is an original or a copy, and whether the act of record is signed by the witnesses named in the protest. *Per Curiam:* The act of the notary, such as it is presented, must have the effect it is entitled to, without any explanation by witnesses, or being eked out by parol evidence.

Where a protest offered in evidence in an action against the endorsers of a note, shows on its face that the note was protested in the presence of two witnesses, but that they did not sign that part of it which certifies the demand and refusal to pay, and the certificate attached, showing in what way the notices were served, appears to have been signed in the original by two witnesses, and the notary certifies a copy from his records, it is sufficient.

APPEAL from the District Court of East Baton Rouge, *Johnson, J.*

BULLARD, J. This is an action against the drawer and endorsers of a promissory note; and the bank is appellant from a judgment in favor of the endorsers.

The protest and certificate of the notary show that the note was regularly protested on the 3d of December, (the last day of grace, to wit, the 4th being Sunday,) and that regular notice was given, either in person, or at the domicils of the endorsers in the town of Baton Rouge.

But it appears from a bill of exceptions taken by the plaintiffs' counsel, that the defendants propounded to the notary the

following questions, to wit: Is the act called a protest, the original, or a copy; and, Is the act of record signed by the witnesses named in your protest? This was objected to, on the ground that the verity of the protest was not at issue; but the court permitted the questions to be propounded. The notary answered: "That he writes in his book of protests an instrument similar to that to which the note is attached, which is signed by the witnesses. In making that part of the protest to which the note is attached, he says it was protested in presence of the witnesses, but does not copy their signatures—all of which was done in this case; the part to which the note is attached is not signed by the witnesses."

We think the question was not properly permitted. The act of the notary, such as it is presented, must have such effect as it is entitled to, without any explanation by witnesses, or being eked out by parol evidence. See *Peet et al.* v. *Dougherty.*

The protest shows, on the face of it, that the note was protested in the presence of two witnesses, but that they did not sign that part of the protest which merely certifies the demand and refusal to pay. The certificate attached, showing in what way notices were served, appears to have been signed in the original by two witnesses, and the notary certifies a copy from his record. This, we think, sufficient. 5 Mart. N. S. 511. 19 La. 448. Bullard and Curry's Digest, 43. 1 Robinson, 66. 15 La. 38.

But, independently of the certificate of the notary, sufficient evidence, in our opinion, was given on the trial, of a demand and notice of non payment, to bind the endorsers.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the plaintiffs recover of M. L. Meeker and P. A. Walker, *in solido,* the sum of four hundred and eighty dollars, with interest at nine per cent from the date of the protest, and the costs in both courts.

*Brunot,* for the appellants.

*Ivor,* for the defendants.