## CITIZENS BANK OF LOUISIANA *v.* WALKER.

A notice of protest addressed to the post-office at which an endorser habitually receives his letters, though not the nearest to his residence, is sufficient to fix his liability.

Any address of a notice of protest which will ensure its transmission to the proper post-office, is sufficient. Thus where it is shown that by addressing a notice to an endorser " at the parish of R.," the letter will be taken out and retained for delivery at the office to which the notice should be sent, the name of the office need not be mentioned in the address.

APPEAL from the District Court of Rapides, *Boyce*, J. *Sherburne*, *J. B. Smith*, *P. A. Morse* and *Roysdon*, for the plaintiffs. *O. N. Ogden*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant is sought to be rendered liable as the endorser of a promissory note, duly presented at its maturity, and protested for non-payment. The defence relied on is, the want of legal notice of the dishonor of the note. A judgment was rendered against the defendant in the court below, from which he has appealed.

The notice of protest was addressed to the defendant, at the " parish of Rapides, La." The evidence shows that, at the date of the protest, there were several post-offices in the parish of Rapides, and among the number, one at Cotile ; that the principal office in the parish was at Alexandria; and that letters addressed to the "parish of Rapides," would first reach the post-office at Alexandria for delivery, and would be retained there for that purpose. It further

CITIZENS BANK *v.* WALKER.

appears, that the defendant had a box at the office at Alexandria; that he was in the habit of receiving letters and papers through that office; and it is not shown that he received letters through any other. His residence was at a point nearly equally distant from Alexandria and Cotile. One of the witnesses considers it to be half a mile or a mile nearer to the office at Cotile; two others think that it is nearer to Alexandria.

The defendant contends that, there being several post-offices in the parish in which he resides, no one of which is known as that of the " parish of Rapides," the address of the notice to him, in the form used by the notary in the present instance, is too uncertain to secure its transmission to the post-office nearest to its residence, and is not in compliance with the law. The notice was, in our opinion, sufficient. It has been repeatedly held, that a notice sent to the post-office at which the endorser habitually receives his letters, will be sufficient to fix his liability, although there may be another office nearer his residence. 6 Rob. 73, and authorities there cited. The office through which the defendant received his letters was at Alexandria, and we are not prepared to say, under the evidence in this case, that it was not the nearest to his residence. Any address of the notice which will insure its transmission to the proper office, is a compliance with the requisites of the law. No useful end would have been obtained by adding "Alexandria" to the address used by the notary. as the notice would have equally reached the office at that place, without the addition. 9 Rob. 162. 16 La. 310. 1 Ann. Rep. 269.

*Judgment affirmed.*