## Central Bank *v*. Elisha H. Allen.

It is not necessary to allow one day for every twenty miles travel from the place of caption to the place of holding the court, *after the taking of a deposition*, if a reasonable time be given to travel in the ordinary mode from one place to another.

Where the maker of a note is entitled to grace, the indorser has the same privilege.

Where a note is made payable at a particular bank, and before the day of payment arrives, that bank has no place of business, and ceases to exist, and another bank does business in the same room ; if it be necessary to make a presentment of the note for payment, it is sufficient, if made at that room.

Where a note is made payable at a particular place, the reply which is there made on presentment for payment, is admissible in evidence.

Where the maker of a note has removed before it falls due, and his residence cannot be ascertained by reasonable diligence, if it be necessary to make a demand, it may be made at his former residence.

The replies, made on inquiry for the maker's place of abode, are admissible *in evidence.*

The contents of a notice, sent to the indorser of a note, informing him of a demand on the maker and non-payment, may be given in evidence without notice to produce the paper.

Exceptions from the Court of Common Pleas, Redington J. presiding.

Assumpsit against the defendant as indorser of a promissory note made to him by one *N. Norton,* dated *April* 7, 1835, payable at the *Branch Bank* in *Portland* in two years from date with interest annually. The plaintiffs introduced two depositions taken in *Portland, March* 31, 1838, at 10 o'clock, A. M., to be used at the then next term of the Court holden at *Augusta,* on the third day of *April;* the distance between the places is more than fifty and less than sixty miles. The first day of *April* was on *Sunday.* These depositions were objected to because a sufficient number of days did not intervene between the time of taking and the Court to allow the defendant suitable time to attend Court. The depositions were admitted by the Judge. It appeared from these depositions, that the plaintiffs sent the note to *Portland* for collection to a bank there ; that on *April* 10, 1837, a notary public took the note and carried it to the room occupied by the *Branch Bank* when the note was given and while that Bank did business

in *Portland,* and there presented it and demanded payment of the Cashier of the Bank of *Cumberland,* then doing business in the same room, and that the Cashier of the latter Bank refused payment, and informed him, that *Norton* had no funds there, and that the *Branch Bank* had closed business in that city. It was proved that the *Branch Bank* had closed business in *Portland* in 1836, and had no place of business there afterwards. On the same day the Notary made diligent search in *Portland* for *Norton,* and was informed by *Norton's* brother and others, that he had left *Portland* and gone to the western country. The Notary then left a demand and notice in writing at the place where *Norton* last boarded in *Portland,* and on the same tenth of *April,* the Notary prepared a written notice directed to the defendant at *Bangor,* his place of business, and deposited it the same day in the post office in *Portland.* This notice, he testified, described the note, stated that it was not paid by the promissor, and demanded payment of the defendant as indorser. To the admission of all this testimony the defendant objected. The Judge admitted it, and instructed the jury, that if believed by them, it was sufficient to prove a demand and notice. The verdict was for the plaintiff, and the defendant filed exceptions.

*Wells,* for the defendant.

The depositions ought not to have been received, because the party is entitled to time to return before the Court. *Stat.* 1821, *c.* 85, *sec.* 2; *Ulmer* v. *Hills,* 8 *Greenl.* 326. The demand was too late to charge the indorser. *Stat.* 1824, *c.* 272. If the Bank of *Cumberland* was the place of payment, because the *Branch Bank* had ceased to do business there, the note should have been in the Bank during banking hours. *Berkshire Bank* v. *Jones,* 6 *Mass. R.* 524; *Woodbridge* v. *Brigham,* 13 *Mass. R.* 556. The declarations of the Cashier are not admissible, for he is a mere stranger. *Carle* v. *White,* 9 *Greenl.* 104. As there was no *Branch Bank* at *Portland,* at which the demand could be made, it should be made at the usual place of abode of the payee, if to be found. This was not done, nor was due diligence used to find where his place of abode was. *Hill* v. *Varrill,* 3 *Greenl.* 233. No notice was given to the defendant to produce the notice sent to

him, and therefore the contents of it were improperly given in evidence.

*Clark,* for the plaintiffs, afterwards furnished the Court with a written argument.

In his argument, he cited *stat.* 1821, *c.* 85, *sec.* 1, 2; *Wyman* v. *Dorr,* 3 *Greenl.* 183 ; *Clapp* v. *Balch, ib.* 216 ; 4 *Pick.* 302 ; 5 *Pick.* 528 ; *State Bank* v. *Hurd,* 12 *Mass. R.* 172 ; *Shed* v. *Brett,* 1 *Pick.* 413 ; *Williams* v. *Bank of U. States,* 2 *Peters,* 96 ; *Widgery* v. *Munroe,* 6 *Mass. R.* 451; *North Bank* v. *Abbott,* 13 *Pick.* 465 ; *Church* v. *Barlow,* 9 *Pick.* 547 ; *Chitty on Bills,* 314 ; 2 *Stark. on Ev.* 160 ; *Eagle Bank* v. *Chapin,* 3 *Pick.* 180 ; 6 *Wheat.* 104.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — We do not think the presiding Judge was bound to reject the depositions, because taken at so late a day at *Portland.* No decision has gone that length. The defendant, in the present facilities for travelling, had ample time, if he chose to be present at the caption, without violating the Sabbath, to go from that city to *Augusta,* before the sitting of the Court, for which it was taken.

The note having been left at a bank for collection, the maker was entitled to grace, by the express provisions of the *statute* of 1824, *c.* 272. If the maker was entitled to grace, it results, that the indorser, who was collaterally liable, has the same privilege. *Pickard* v. *Valentine & al.* 13 *Maine R.* 412.

The maker had promised to pay it at a day and place certain. The place, the *Branch Bank* in *Portland,* was well known and understood at the date of the note. Before its maturity, that Bank ceased to have a place of business in that city. It has been held, that where a bill is drawn and accepted, payable at a particular house, going to that house with the bill on the day of payment, and finding it closed, is a sufficient presentment. *Bailey,* 200. And we are inclined to the opinion, that the *Branch Bank* having ceased to operate, if their banking house had not been occupied by a similar institution, presentment would have been excused. If this was the place of demand, and upon the facts we think it was,

there is evidence of a sufficient presentment at that place. It must be taken to have been made in business hours, the Bank being open, the presentment having been made to the Cashier, and payment demanded of him. *Berkshire Bank* v. *Jones,* 13 *Mass. R.* 556; *Nichols* v. *Goldsmith,* 7 *Wend.* 160; *Shaw* v. *Reed,* 12 *Pick.* 132.

The answer of the Cashier of the *Cumberland Bank,* that the maker had provided no funds there, wherewith to pay the note, was properly a part of the *res gesta,* and as such admissible. But if it had not been, the holder is not bound to prove, that such funds had not been provided. If they had, it was matter of defence, to be proved by the indorser. *Bank of U. States* v. *Carneal,* 2 *Peters,* 543.

But if the discontinuance of the *Branch Bank* at *Portland,* has the same effect as if no place of payment had been appointed, we are of opinion, that such diligence was used by the messenger of the holder, as excused a personal demand upon the maker. He testifies, that he made diligent inquiry for his place of residence, which it appears had been at *Portland,* and was informed that he had gone into the western country, and particularly, that he had this information from the maker's brother, who had been connected with him in business. The answers he obtained upon these inquiries, were very clearly admissible as a part of the *res gesta.* The holder was under no obligation to send into the western country to make demand, but the written demand of payment, left at *Moorhead's,* his former residence in *Portland,* was sufficient. *Mc-Gruder* v. *Bank of Washington,* 9 *Wheat.* 598; *Anderson* v. *Drake,* 14 *Johns. R.* 114. In any point of view, in which the case can be considered, there is no evidence of laches in the holder, but there is evidence of sufficient diligence on his part.

As to the proof of notice to the defendant, it was such as is uniformly received, without first giving notice to the party to produce it. *Eagle Bank* v. *Chapin,* 3 *Pick.* 180.

*Exceptions overruled.*