Mr. Justice Clayton
delivered the opinion of the court.
This case was formerly in this court, and is reported in 6 S. & M. 225. It was then reversed, because of the refusal of the court to give the following charge at the instance of the plaintiff’s counsel: — “That if the holder of the note was ignorant of the place where the indorser resided at the time of protest, and could not ascertain it after diligent inquiry, notice sent to the place where the note bears date will be sufficient.”
Upon the present trial the plaintiff asked no instruction, but a repetition of the foregoing, which was granted. The defendant asked several instructions, a part of which were given, and a part refused.
We see no reason now to say, that the instruction given for the plaintiff is erroneous, as it precisely accords with our former decision in the case. The argument addressed to us on the point, would have been very appropriate before the jury, to show *238 that the holder was not ignorant of the defendant’s residence, but it can have no application in the decision of the legal principle. In the same case it was decided, that “ what shall be deemed due diligence must be submitted to the jury under appropriate charges, where the question depends upon' the testimony of witnesses given before the jury.” That course was pursued in this case, and there is no such preponderance of evidence against the verdict as would authorize us to set it aside.
We shall proceed to consider those charges which were asked by the counsel of the defendant and refused by the court. The first is as follows: — “The bank where the note was payable, and to which the note was sent for collection, was the holder of the note for that purpose, and the plaintiffs cannot avail themselves of ignorance of the defendant’s residence, as an excuse for the omission of actual notice, if it appears that the bank, through any of its officers, had knowledge of such residence.” Banks, of necessity, carry on all their business through the medium of agents. The acts of their agents bind them to the extent of their authority. Each is confined to the sphere which is assigned to him. Where a bank has several agents, to whom separate and independent duties are intrusted, notice to one of them, in regard to a matter not pertaining to his duties, cannot affect the bank. It is the duty of the cashier or of the teller to superintend the collection of paper deposited in the bank for payment. It is the duty of the same officers to give information as to the residence of the indorsers. If the bank may be justly chargeable with notice to either of these officers, as to such residence, it cannot be so chargeable by the knowledge of, or the notice to, one of its clerks not intrusted with the duty of superintending such collections. The principle is a general one, that the conduct of the agent only binds his employer, when he acts within the limits of the power granted to him, and with reference to the subject-matter of the agency. Fortner v. Parham, 2 S. & M. 164; Commercial Bank of Natchez v. Wilkins, 6 How. 220; Wilcox v. Routh, 9 S. & M. 476. We think, therefore, there was no error in refusing this charge.
*239 The next charge, the refusal of which is excepted to, is in these words : “ It is not sufficient to charge the indorser in this case, that inquiries were only made where the note was payable.” This refusal is justified by the case of Hunt v. Nugent, 10 S. & M. 548. That case is also an authority for the sufficiency of notice in this. It says : “The information the notary received was direct and positive. It was given to him at the place where it was most natural for him to inquire, the place where the note was payable. He had no reason to doubt but that the information he received was correct, because it was given without hesitation, not as a mere opinion. He was put at rest upon the subject.” So in this case, the notary states, “he received the information as to the residence of Goodloe ' from the cashier and other officers of the bank, and he presumed they knew his residence.” See, also, Farmers and Merchants Bank v. Eddings, 4 Hum. 521; Spencer v. Bank of Salina, 3 Hill, 520.
The other charge asked and refused is as follows: “ If the declaration avers that notice was given to the indorser, proof that diligent search was made for his residence to excuse the omission of notice will not support the averment, and unless the proof corresponds with the averment in this particular, the jury must find for the defendant.” On this point, the rule is thus laid down by Greenleaf, in his Treatise on Evidence, vol. 2, p. 162: “ Where matter in excuse for want of demand and notice is relied upon, it is usual to declare as if there had been due presentment and notice. Sufficient matter in excuse is, in legal effect, equivalent to demand and notice.” The same doctrine is in substance stated by Chitty, Bills, 591.
In regard to the demand, we think that it was sufficient in this case. The notary says he made the demand of the bank after banking hours, and after the note had been handed to him as notary, that he was answered by the proper officer that no money had been deposited for its payment. That this was a sufficient demand, is established by the case of the Commercial and Rail Road Bank v. Hamer, 7 How. 448. Indeed, where a note is payable at a particular time at a bank, and indorsed *240 to such bank for collection, no specific demand is necessary. It is enough if the note be in bank on the day appointed for its payment. State Bank v. Napier, 6 Hum. 270; Bank U. S. v. Carneal, 2 Peters, 543; Cohea v. Hunt et al., 2 S. & M. 227. This case is not like that of Harrison v. Crowder, 6 S. & M. 471. There the demand was made before the close of banking hours. The court charged the jury, “ that if the demand were made at some reasonable or convenient time, before the doors were closed on the third day of grace, it was sufficient,” This court reversed the judgment, because this charge was too indefinite; but the decision does not apply in this case. The demand here was not made until the close of banking hours, and the notary was informed that no funds had been deposited to pay it.
On the whole, the judgment is affirmed.