## CALEB BARSTOW *v.* S. HIRIART et al.

It is not essential that the notary should embody in his certificate of notice of protest, a copy of the notice sent to the endorser, nor is it' necessary that he should state in the notice that the holder looks to the endorser for payment.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.   J. M. *Brunot*, for plaintiff.   J. M. *Elam*, for defendants.   The judgment of the court was pronounced by

SLIDELL, J.   The question presented in the argument of this case is, whether notice to the endorser, *McCalop*, is proved.   The plaintiff offered at the trial, without any exception on the part of the endorser, a duly certified copy of the notarial protest, to which was annexed, as usual, a copy of the note, followed by a certificate of notice, the whole forming a continuous notarial record, pursuant to the statute of 1827.   The seventh section of that statute is in these words:   " All notaries or persons acting as such are authorized in their protests of bills of exchange, promissory notes, or orders for the payment of money, to

make mention of the demand made upon the drawer, accepter, or person on whom such order or bill of exchange is given; and by certificate added to such protest, to state the manner in which any notices of protest to drawers, endorsers, or other persons interested, were served or forwarded; and whenever they shall have so done, a certified copy of such protest and certificate shall be evidence of all the matters therein stated."

The certificate of notice, which, as we have said follows, in the notarial record, the protest and copy of the note, is in these words: "I, the undersigned notary, do hereby certify that the parties to the note, whereof a true copy is embodied in the accompanying act of protest, have been duly notified of the protest thereof, by letters to them by me written and addressed, dated on the day of said protest, and served on them respectively this day, in the manner following, viz: by depositing that for the first endorser, *James McCalop*, in the postoffice in this city, on the same day as this protest, directed to him ' at Baton Rouge, Louisiana,' and a duplicate deposited in same postoffice on the same day, directed to him 'at his domicil in the parish of West Baton Rouge, Louisiana,' and that for the last endorsers delivered to themselves." The statute does not expressly require that the notary should embody in his certificate a copy of the notice sent or delivered to the endorser. The practice of the notaries almost universally under this act, has been, for more than twenty years, in accordance with the forms adopted by the notary in this case. We are not aware that its propriety has ever before been questioned; and even though we might be inclined, if the matter was *res mora*, to require a more detailed statement of the contents of the notice, we feel bound, at this late day, to approve a formula sanctioned by so long a practice and by the long concurrence of the courts and the profession.

It is said that even if the certificate is taken as proving that the letter or written notice sufficiently described the note and announced its dishonor, the notice was still defective; inasmuch as, according to the certificate, it notified the endorser of the protest of the note, but does not expressly appear to have informed him that the holder looked to him for the payment of the note. Authorities may be found in the books in support of this objection; but we consider it as now well settled, that the holder's intention to look to the endorser may be presumed, and be considered as notified by implication from the notice of protest, when that notice is in other respects sufficient. This point was considered in the case of *The Bank of the United States* v. *Carneal*, 2 Peters, 553. The court said: "A suggestion has been made at the bar that a letter to the endorser, stating the demand and the dishonor of the note is not sufficient, unless the party sending it also informs the endorser that he is looked to for payment. But when such notice is sent by the holder or by his order, it necessarily implies such responsibility over. For what other purpose could it be sent? We know of no rule that requires any formal declaration to be made to this effect. It is sufficient if it may be reasonably inferred from the nature of the notice." See also *Furze* v. *Sharwood*, 2 Adol. and Ellis, N. R. 388. Story on Notes, § 353. *Warren* v. *Gilman*, 5 Ship. 360.

Judgment affirmed, with costs.