## GAVIN PAYNE AND OTHERS V. R. PATRICK.

*Protest for non-payment* and notice is such diligence as fixes the liability of a drawer and endorser, only between merchant and merchant, their factors and agents.

It seems that any one who is a party to a bill may give notice of its dishonor.

The person giving the notice should be a party to the bill, or some one acting under his authority, and liberal presumptions will be indulged in favor of such authority where the contrary is not made to appear.

Where the protest states that notice of demand, &c., was sent to a particular place, it is no evidence that such was the proper place; it must be proved otherwise.

Appeal from Anderson. Tried below before Hon. J. H. Reagan.

Suit by the indorsee of a bill against the drawer and indorsers. The appellant Payne drew a bill in favor of W. C. Gillian & Co. on R. & D. G. Mills at Galveston, which was indorsed by said W. C. G. & Co. to the appellee. At its maturity said bill was in the hands of R. & D. G. Mills, and was by their order presented and protested for non-payment, and notice addressed to the drawer and indorsers at Palestine, Anderson county.

Appellants denied their liability upon said bill because the same was not properly protested, and because no notice was ever given them of its dishonor ; they also set up other special matter of defence which was excepted to by appellee, and his exceptions sustained.

There was a verdict and judgment for appellee.

*Reeves & Word*, for appellant. I. The plaintiff was the lawful holder of the draft, and the protest for and notice of non-payment must come from him and not from the drawees in the absence of any averment or proof of agency, ownership or liability. (Chitty on Bills, 368 ; also Story on Pro. Notes, Sec. 301.)

The draft was originally payable to W. C. Gillian & Co., or order, and by them indorsed to the plaintiff, and in no other way could the legal title be conveyed to any subsequent holder than by indorsement. (Story on Pro. Notes, Sec. 120.) Any holder, whether legally so or not, may protest for non-acceptance, but the rule is otherwise when the protest is for non-payment. Where notice from the drawee to the maker has been held to be sufficient, it will appear that the drawee was liable as acceptor, and that notice of non-payment came from him in that character rather than as drawee. (Chitty on Bills, 527–8–9, and the case of Stanton v. Blossom, referred to in the notes on the last named page of Chitty.)

II. The defendants first special answer, to which the plaintiffs' exceptions were sustained, set up the want of notice of

the presentment and non-payment of the draft. The fact that the notice was deposited by the Notary in the Post Office at Galveston, though he may have performed all that the Statute required of him, would not be sufficient without other evidence that he is authorized to serve notice, but the act of depositing in the Post Office is not service or notice in the sense in which either is used in the Statute, and without other proof would not be evidence of notice. The general rule is that the notice, when sent through the Post Office, must be sent to the one nearest the parties entitled to notice; if this had been shown, it would then be immaterial whether the notice had in fact ever reached the defendants, but the petition alleges that the draft was presented to the drawees for payment and notice given; it does not state by whom, and if the plaintiff was not required to offer any other evidence than the protest or notarial record, the reason why the defendants might not put it in issue by a special plea is not perceived from the plaintiffs' exceptions. (Chitty on Bills, 505–6 and the notes; also Hart. Dig. 2532; Story on Pro. Notes, Sec. 343.)

III. But there is no evidence that notice was ever sent to the appellants. There is nothing in the bill or draft to designate the residence of the parties, nor is there any evidence that they lived at Palestine, Anderson county, Texas, or that there is or was a Post Office at that place. There is no evidence on this subject. To justify a recovery there must be proof that notice, if sent by mail, was sent by the first mail that left and was directed to the nearest Post Office to the parties to whom sent. (Smith's Mercantile Law by Holcomb & Gholsen, 234, note; also Bank U. S. v. Carneal, 2 Peter's U. S. R. 543.)

*John E. Cravens*, for appellee. I. On inland bills of exchange as to the drawer no notice is required in order to fix his liability. (Miller v. Hackle, 5 Johnson, 375; 3 Kent, 5th Ed. 94; Townley v. Sumerall, 2 Peters, 170; Nichols v. Webb, 8 Wheat. 336.)

Payne v. Patrick.

II.   The certificate of the Notary is evidence of all the facts it contains, (Hart. Dig. 2615,) and so it has been decided in Alabama, (18 Ala. R. 256,) under a similar Statute.

III.   This case is distinguishable from the case of Cole v. Wintercost, (12 Tex. R. 118 ;) that was a foreign bill, that is, it was drawn upon a party in the State of Louisiana.

ROBERTS, J.   There are numerous questions presented in this case.   Being a suit by an indorsee against a prior indorsor and the maker of a bill of exchange, which had neither been accepted nor paid, and not having been brought until more than two years after its maturity, and being presented for payment and protested for non-payment, and notice thereof sent to the defendants at Palestine, Anderson county, by a Notary Public.   This species of diligence (by protest and notice) will fix the liability of a drawer and indorser, only between merchant and merchant, their factors and agents. (Hart. Dig. Art. 2536.)   It is not alleged nor was it proved that the drawer, Payne, was a merchant.   It was said in one case that although that fact did not appear, the bill of exchange having the appearance of mercantile paper, after verdict, it might be presumed in the absence of other proof. (Reid v. Reid, 11 Tex. R. 585.)   Whether anything was necessary to be done to fix Payne's liability to the indorsee seems to be a point not very well settled under our Statute. (Hart. Dig. Art. 2530 ; Durrum v. Hendrick, 4 Tex. R. 499 ; Campbell v. Wilson, 6 Tex. R. 397 ; Cole v. Wintercost, 12 Tex. R. 118.)

However that may be as to Payne, it is certain that in order to fix the liability of the indorsers, Gillian and Smith, it was necessary either to bring suit against Payne, the drawer, by the first or second Term, after maturity, according to the terms of the Statute, (Art. 2530,) or to make regular demand, protest, and give notice.   (Art. 2531 ; Elliot v. Wiggins, 16 Tex. R. 596 ; Reid v. Reid, 11 Tex. R. 591.)

The first objection taken to the mode adopted to secure the defendants' liability is, that R. & D. G. Mills, being the drawees, had the bill presented to themselves, and caused the protest and notice to be given by a Notary Public for themselves as holders. This is all that the evidence shows as to the party who presented the draft ; and the petition does not allege who presented it.

Mr. Chitty says that " any person who happens, whether by accident or otherwise, to be the holder at the time of a bill becomes due, and although he has no right to require payment for his own benefit, may and ought to demand payment, and give notice of the non-payment, so as to prevent loss. (Ch. on Bills, 365 ; see also Ib. 366 ; Bank of Utica v. Smith, 18 Johns. 230 ; Hartford Bank v. Stedman, 3 Conn. R. 489.)

The authorities last cited hold that a Notary Public who happens to have it, may present it, &c. This must be upon an implied authority from the exigency of the transaction and the usage of business ; for properly, the holder of the bill should present it, or have it done by an agent competent to give a legal receipt for the money. (Chitty on Bills, 365.) It may be presumed that the bill was accommodation paper, it not being accepted, and that it was lodged in the hands of Messrs. Mills, as it is often done in bank, to await the remittance of funds, from the drawer or indorser, to meet it. (Hartford Bank v. Parry, 17 Mass. R. 95.)

As a question of pleading, it may be remarked that the established precedents of declarations on bills of exchange, in suits by indorsee against the drawer and indorser, do not require that the person who presents the bill shall be specially named. (1, 2 Chit. Precedents, " Assumpsit—Bills," 79.)

It is further contended that there was not sufficient proof of notice of protest for non-payment. The evidence on this subject is confined to the facts stated in the certificates of the Notary Public of the protest and notice. They show that the presentment was made at the request of R. & D. G. Mills, and

that notice of the protest was given to defendants by forwarding it by the mail, addressed to them at "Palestine, Anderson county, Texas."

The bill, as drawn by Payne and indorsed by Gillian & Co., is not dated as of any place whatever, and there was no proof as to their residence at the time of drawing, or at the maturity of the bill, or indicated at any other time.   1st. As to the person who should give the notice of dishonor of the bill, under the presumption indulged, that R. & D. G. Mills were the holders as agents to collect for the owner, Patrick, it would be competent for them to have the notice sent by a Notary Public.

It would fall safely under the rule that any person who is a party to a bill may give notice of its dishonor.   And it has been also held that a third person, not a party, may give notice in the name of the indorsee, without any authority.— Which is doubtless on the principle, that one will be presumed to recognize the act of another, done in his name, which is manifestly for his benefit, unless the contrary appear.   It has even been held, by high authority, that an acceptor may, by private letter even, give notice of dishonor to the drawer, his agency for the holder being presumed.   (Rosher v. Kieran, 4 Camp.; Chitty on Bills, 493–4–5 ; Shaw v. Croft, note n, 494, and note a 495.)   Notice by a third person, not a party, and not an agent of a party, might not always be sufficient, where it was made affirmatively to appear in evidence, that he had no such authority, so as to entirely remove the presumed authority for his act.   (Stewart v. Kennett, 2 Campb. 177 and note to Ch. on B. r 494 ; Story on Pr. Notes Sec. 301, 302, 303 and notes.)   The opinion, which seems most in consonance with principle, is that the person giving the notice should be a party to the bill, or some one acting under his authority, and that liberal presumptions will be indulged in favor of such authority, when the contrary is not made to appear.

2nd. Does it appear in proof that the notices were sent by the Notary Public to the proper place?

Most generally, the residence of each party to a bill is placed in connection with his name upon it. Such is not the case here. In Tennessee it is provided by Statute that the notarial certificate of protest and notice shall be *prima facie* evidence of "due notice." (Smith v. McManus, 7 Yerg. 477.)

New York has a Statute giving it the same effect, unless the fact of having received notice be denied under oath.

Our Statute does not embrace either of these most excellent provisions. It specifies the facts, which shall be contained in the certificate, and then prescribes that it "shall be admitted in all the Courts of this State as evidence of facts therein set forth." (Hart Dig. Art. 2532.) Neither the certificate, nor any other evidence in the case, furnish the least proof that these defendants resided at Palestine, or even in Anderson county.

The petition alleges, in the usual form, that due notice of the protest for non-payment was given to the defendants. (2 Ch. Prec. 79.) No excuse is stated for not giving it, as would be proper, if their residence was not known, and could not be found out, or that defendants had changed their residence, and diligence had been used to send it to the proper place, and the like. (Id. 78, note b.)

To meet this allegation of the petition then, it must be proved that notice was sent to the proper place.

When notice is sent by mail, as in this case, the proper direction of the letter containing it, is to the Post Office where the party notified usually receives his letters. This general rule may be modified by circumstances, (such as his residence in a large or small town, or in the country, or near two towns or Post Offices, at which he receives letters,) which may diminish, without entirely destroying, the presumption of his having received the letter. (Story on Prom. Notes, Sec. 342 ; Story on Bills, Sec. 297 ; Bank of Geneva v. Howlett, 4 Wend. 328 ;

Payne v. Patrick.

Reid v. Payne, 16 Johns. R. 218; Yeatman v. Erwin *et al*, 5 Con. R. 264; Bank of U. S. v. Carneal, 2 Peters, 543; Chit. on Bills, 11th Ed., 474.)

It is unnecessary to attempt a more definite exposition of the subject in making the application to the facts of this case. For there is no evidence that the defendants even lived in the county of Anderson, at the time the notice was sent there, nor is there any fact disclosed, from which it can reasonably be inferred, that they received said notice, so as to make them liable. (3 Phil. Ev. 21.)

The Court below sustained exceptions to a special plea, setting up as a defence to this bill that it was placed in the hands of R. & D. G. Mills to secure a debt, due from Gillian & Co. to Patrick and others, and that they had received from other claims, placed in their hands, for the same object, an amount sufficient to pay said debt, due to Patrick and others.

Although this plea is involved in some contradictions, which may be ascertained by a little calculation, yet it is not perceived why it should not be a good defence in part at least. But as it may be amended, if there is any substance in it, it will not now be subjected to a critical examination.

Many of the questions, involved in this case, have been referred to in this Opinion, rather for the purpose of eliciting a more full investigation, than to indicate a definite decision upon them, as a decision upon all of them was rendered unnecessary by the view, for the present, taken of the want of sufficient proof of notice of dishonor of the bill. And that has not been examined with that research, which the growing importance of this branch of the law must soon demand. The diligence, usually resorted to in this State, to secure the liability of parties to bills and notes, has been by suit under the Statute, and hence the questions, arising upon presentment, protest and notice, have been less critically examined by the bar. The judgment will be reversed and the cause remanded.

Reversed and remanded.