MAX MUNZESHEIMER ET AL. v. W. J. ALLEN ET AL.

(No. 1989.)

ERROR from Bowie County.    Opinion by WHITE, P. J.

TODD & HUDGINS, counsel for plaintiff in error.

J. H. HENDERSON, counsel for defendant in error.

§ **55.** *Notary's certificate of protest; sufficiency of, and effect of as evidence; sufficiency and effect of, a question of law, and not of fact; case stated.* Munzesheimer *et al.* sued Allen as the maker, and Henry and Tilson as indorsers, upon a promissory note for $300, due sixty days from date. Allen did not answer to the suit. Henry and Tilson answered. Judgment was rendered in favor of plaintiff against Allen alone, and in favor of Henry and Tilson for their costs.

On the trial of the case plaintiffs offered in evidence a notary's certificate of protest and notice of the non-payment of the note, which were admitted in evidence over defendant's objection thereto. The principal errors assigned are in relation to the charge of the court. They may be formulated in the statement "that the court erred in submitting questions of law with regard to the legality and sufficiency of notary's certificate of protest and notice to be determined by the jury as questions of fact." This objection to the charge is well taken. Whether or not the certificate was sufficient was a question of law for the determination of the court, and not one of fact for the jury. This question the court had decided affirmatively in admitting the certificate in evidence. If it was sufficient the court should have so told

78

the jury. If it was sufficient, then, as evidence of the facts therein recited, it fixed the liability of the indorsers, and the verdict was directly against the evidence and should have been set aside. In our opinion the certificate was sufficient under the statute to fix the liability of the indorsers [R. S. art. 274; Payne v. Patrick, 21 Tex. 680], and the verdict and judgment are therefore contrary to the law and the evidence.

October 28, 1885.        Reversed and remanded.

NOTE.— The note was made payable at the Citizens' Bank, to the order of the maker, and indorsed by him. The notary's certificate of protest recited that he had presented the note to the cashier of said bank and demanded payment thereof, which had been refused, whereupon he protested the note against the said maker and indorsers. His certificate of notice recited that he had given due notice to the parties concerned of the demand and protest, to wit, that he had given such notice in writing and print to Allen, the maker, and to Tilson and Henry, the indorsers, all of whom resided in Texarkana, Texas, the place where the note was executed and made payable, and where the same was protested.