Summers, J.
On March 12, 1896 (92 O. L,, 61), an act was passed to' take effect and be in force from and after September 1, 1896, amending sections 3175 and 3176 of the Revised Statutes so as to abolish days of grace on bills and notes, etc., and to require demand of payment thereof to be made on the day mentioned for the payment of the same.
Prior to this amendment these sections provided that negotiable promissory notes, payable at a day certain after date, shall be entitled to three days of grace, and that demand of payment made on the third day of grace, and notice of non-payment thereof to' the indorser within a reasonable time thereafter,shall be adjudged due diligence.
The first question presented is whether days of grace on a note entitled thereto under the statute before amendment are abolished by the amendatory act, the note having been *82 made after the passage of the act, but before it took effect, aud being made payable at a date subsequent to that the act went into effect?
Days of grace, when not abolished, by statute, enter into the contract (Bank of Washington v. Triplett and Neal, 1 Pet., 25; Kilgore v. Bulkley, 14 Conn., 362, 389; Daniel on Neg. Insts., section 614; Swan’s Treatise, 712; Wood v. Rosendale, 18 O. C. C., 247), and cannot be cut off by a statute subsequently passed. But it is contended that inasmuch as these notes were not made until after the passage of this act, and are payable after the act took effect, there is a legal presumption that days of grace did not enter into the contract.
No such presumption arises “until the day when the act is to take effect arrives the law has no force, even as notice to the persons to be affected' by it. ” Endlich on Inter, of Stat., section 499; Sutherland bn Stat. Const., section 107; 23 Ency. of Law, 217, 218.
The next question presented is the constitutionality of the act known as the Saturday half holiday act (92 O. L,, 208), This act was passed and took effect on April 21, 1896, prior to the execution of these notes. After declaring that every Saturday after 12 o’clock noon shall be a “one-half legal holiday” thé statute reads: “Provided that all bills, bonds or promissory notes presentable for payment or acceptance on Saturday, or on the preceding day if said preceding day should be a holiday, shall be presentable for acceptance or payment at or before twelve o’clock noon of such Saturday. But if not then paid or accepted, a demand of acceptance or payment thereof may be made and notice of protest or dishonor thereof may be given on the next succeeding secular business day.” The first note was presented for payment on Saturday, September 26, before noon, and was not again presented on the following Monday. ■ The contention on one side is that demand on Saturday was’necessary,and payment not then being made,it was necessary to again present the note on Monday, and on the other that it could be made on either Saturday or Monday, and that a demand on both days was not necessary.' Tbe wording of the statute is a botch, and inasmuch as it has been held unconstitutional,an attempt to interpret it would *83 be a waste of time. The act was limited in its application to cities of fifty thousand or more inhabitants and was declared unconstitutional in Dimer v. Hudson, 18 O. C. c., 890, on the ground that it was a law of a general nature and did not have a uniform operation throughout the state. The decision finds support in City of Cincinnati v. Steinkamp, Trustee, 54 Ohio St., 284.
The next question is at what hour must anote payable at a bank be presented.
The first note was presented at the bank before noon on the day of its maturity and at no other time. The contention on the part of the plaintiff in error is that demand must be made at the close of banking hours, and on the part of defendant that demand during banking hours is all that is required.
Bank v. McGuire, 38 Ohio St., 275, is cited in support of plaintiff’s contention. In the opinion Wright, J., says: “If the demand had been made at'the close of bank hours, non constat but that the note might have been paid, Perhaps the supposition is far fetched, we concede it to be so. But the indorser had the right to have that done which would exclude the possibility of any supposition, reasonable or unreasonable. He had to the last minute of the last hour of the last day, and if no one by that time stepped in to meet the demand of payment, he was liable.” This is not a correct statement of the law, and is contrary to all the decisions English and American.
But the question here presented was neither considered nor decided in that'case. In that case no demand at all was made. The maker had made an assignment of all his property to an indorser for the benefit of all the maker’s creditors equally and it was held that this did not dispense with demand and notice in order to hold the indorser, the property assigned being insufficient to meet all the maker’s liabilities. The learned judge did not have in mind the exception to the rule.
In Gordon v. Parmelee and others, 15 Gray, 413, 418 (1860), Shaw, C. J., says: “By the general rule of the common law, on an obligation to pay money on a day certain, as debt for rent, debt due on bond or speciality, or otherwise, the party bound has the whole of the last day in *84 which to pay it, and his obligation is not broken so as to subject him to an action for a breach till the whole day has expired. To this rule negotiable instruments, as bills of exchange and promissory notes, payable with grace, are an exception. Whether they are entitled to grace by usage, by the terms of the instrument, or by statute, in this respect makes no difference. Leftley v. Mills, 4 T. R., 174; WHitwell v. Brigham, 19 Pick., 122.
The question then is as to the nature, extent and limits of such exception. We think that exception is, that notes and bills entitled to grace are payable on demand at any reasonable time and place on the last day of grace, and, if not paid on such demand,- the note is dishonored, the contract is broken, and an action may be forthwith brought against the promisor or acceptor, and on due notice given, or due diligence used to give notice, action may be brought against the indorser.”
The decision in that case is in accord with the earlier cases, Staples v. Franklin Bank, 1 Met., 43 (1840), in which Shaw. C. J., reviews the cases. Hine v. Alley, 4 B. and A., 624, decided in 1833, is not noticed, but is in accord
In King v Crowell, 61 Me., 244, 250, Virgin, J., says: ‘‘Ever since the review of the cases by C. J. Shaw in Staples v. Franklin Bank, 1 Met., 43, the rule applicable to notes like the one in question has been that the note .is due on actual demand at any such hour on the last .day of grace that, having regard to the habits and usages of the community where the maker resides, he may be reasonably expected to be in condition to attend to ordinary business; and if upon demand payment is not made, the maker is in default, and notice of dishonor may forthwith be given to the indorser But if no such demand be made, and the maker does nothing amounting to a waiver, he has the whole of the day in which to make payment, and is not in default until the expiration of the business day within which such demand might have been made.” And he cites many cases in support of his statement.
The reason for the exception is well stated in Leftley v. Milla, 4 Durntord and East, 170, 174. Buller, J , says: “The 'i -iifnr’s undertaking is to pay the bill on demand *85 on any part of the third day of grace, and that rule is now so well established that it will be extremely dangerous to depart from it. With regard to foreign bills of exchange all the books agree that the protest must be made on the last day of grace. Now that supposes a default in payment, for a protest cannot exist unless default be made. Hut if the party has till the last moment of the day to pay the bill, the protest cannot be made on that d y. Therefore the usage on bills of exchange is established; they are payable any time on the last day of grace on demand, provided that demand be made within reasonable hours.”
In McFarland v. Pico, 8 Cal., 626, Field, J.,summarizes the law as follows: ‘‘First. The presentment and demand of commercial paper having days of grace, must be made within reasonable hours on the last day of grace. For the purpose of fixing the liability of endorsers, the note or bill is payable on demand at any time within these hours. Second. What are reasonable hours will depend upon the question, whether or not the note or bill is payable at a place or bank where, by the established usage of trade, business transactions are limited to certain stated hours. Third. If there are such stated hours where the note or bill is payable, the presentment and demand must be made within those hours; but if there areno stated hours, and no place of payment is designated in the note or bill, the pre-o sentment and demand may be made either at the place of business, or residence of the maker or acceptor. Fourth. If at his place of business, it" must be within the usual business hours of the city or town; if at his residence, then, within those hours when the maker or acceptor may be presumed to be in a condition to attend to business. Fifth. Notice may be given to the endorser, or other parties etitled to notice, immediately after presentment to the maker or acceptor, and refusal by him to pay, although it is not necessary that notice should be given until the following day. Sixth. After due presentment and demand, the. liability of the parties becomes fixed. If. however, the maker of the note chooses after this to seek out the - holder and pay his note, he can do so, and thus save himself from the liability to suit on the following day. Seventh. For the purpose of fixing the liablity of an endorser, the note is *86 payable on demand at any time, during- reasonable hours, on the last day of grace; but, for the purpose of sustaining an action, the holder must wait until the following day., as the maker has the whole of the day to make payment.”
In Exchange Bank v. Bank of North America. 132 Mass., 147, 148, Endicott, J., summarizes the law as follows: “A note entitled to grace is payable on demand at any reasonable time and place on the last day of grace, and if not paid, an action may be brought forthwith against the maker. But if no such demand is made, the maker has the whole day in which to make payment, Gordon v. Parmelee, 15 Gray, 413; Estes v. Tower, 102 Mass., 65; Pierce v. Cate, 12 Cush., 190. When a note is made payable at a bank, the contract is that it shall be paid at some time during the banking hours of the bank, and a demand for payment may be made at any time during those hours. If no demand is made, the maker of the note is not in default until the close of business at the bank on that day. Church v. Clark, 21 Pick., 310; Clark v. Eldridge, 13 Met., 96; United States Bank v. Carneal, 2 Pet., 543, 549; Staples v. Franklin Bank, 1 Met., 43, 50, 54, 56. If a formal demand is made, during banking hours, by the holder, of the note, at the bank where it is payable, and there are then no funds, it is the duty of the bank to say there are no funds; and there is then a breach of the contract on the part of the maker, and notice thereof would bind the indorsers. There is no necessity for a personal demand on the maker elsewhere, for he has made it payable at the bank, and the demand may be made there. But if no such demand is made, and the note is only sent or placed in the bank for collection, then the maker has till the close of business hours to make payment.”
None of the many text books examined states the rule otherwise than that demand may be made at any reasonable time on the last day of grace, and if the note be payable at a bank or place of t usiness, that any time during banking hours or business hours is a reasonable time.
No interruption in this current of authorities has been observed excepting in Mississippi. The only conflict in the authorities elsewhere is as to when suit may be commenced, Massachusetts and those in line with that state holding that *87 the note is due on demand at any reasonable time and place on the last day of grace, and if not paid on such demand, that an action may be commenced on that day, and California and those in line with that state holding that for the purpose of fixing the liability of indorsers demand may be made at any such reasonable time on the last day of grace, but that an action may not be commenced until the following day for the reason that the maker has the whole of the last day of grace in which to make payment. In Pennsylvania, however, in Coleman v. Carpenter, 9 Barr., 179, Chief Justice (iibson states the rule and the reason why suit •may not be commenced until the next day as follows: “The contract of the acceptor is to pay on demand, and that is broken if the bill be not paid the instant it is presented, from which it results that notice may be given the same day. True, an action cannot be brought till the next day from the anomalous reason that the acceptor may pay after refusal, if he takes the trouble to seek the holder, A better one would be, that as there are no fractions of a day but such as are made by statute, or the custom of merchants, the impetration of a writ is an act which covers the whole day.”
In Harrison v. Crowder, 6 Smedes and Marshall, 464; 45 Am. Dec., 290, it is held that “A personal demand may be made at any time during the third day of grace, but a constructive demand at a bank, having regular banking hours, must be made at the close of business hours, for the maker has until that time to deposit the money for the payment of the note. ”
In the opinion it is said “This-rule has in it more strictness than reason; but as it is so established, it is best not to depart from it.” No authority is cited,and as hereinbefore stated, none has been found.
There is a rule that when a bank has in its possession, at the close of banking hours on the last day of grace, a note payable there, either as owner or for collection, ready to be delivered up to any party who may be entitled to it on payment of the amount-due, and it is unpaid,that, these facts alone constitute a dishonor, and that a formal demand is unnecessary. Parsons on Notes and Bills, 435; Daniels on *88 Neg. Insts., section 656; Chicopee Bank v. Philadelphia B&nk, 8 Wall., 641. But this is that in such case no demand at all is necessary, not that a demand can be made only at that time. A demand on the maker in person is in no case necessary. If no place of payment is stipulated, a demand at the maker’s usual residence,or place of business of his wife or agent, is sufficient, for it is his duty to be present or leave provision for payment (Daniels, section 588; Parsons, 438), and if a place of payment is specified, it is equally his duty to make provision there for payment, and the reasons why demand of payment of a note 'payable at a bank may be made at any time during banking /hours on the day of maturity,are just as strong as those that give rise to the rule where no place of payment is specified, for the holder is not obliged to place his note in the bank for collection, and to require him to make demand at the bank at the close of banking hours would be just as likely to result in the release of the endorsers as, in cases where no place is specified, to require demand at the residence of the maker at the last moment of the last day.
C. S. Sherrington, for Plaintiff in Error.
Huggins, Sowers & Watson, for Defendant in Error.
The judgment is affirmed,